569 P.2d 249

**The STATE of Arizona, Appellee,**

v.

**James L. O'MEAL, Appellant.**

**No. 2 CA–CR 965.**

Court of Appeals of Arizona, Division 2.

May 2, 1977.

Rehearing Denied June 29, 1977.

Review Denied Sept. 8, 1977.

Bruce E. Babbitt, Atty. Gen. by Russell Piccoli, Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender by Michael P. Roca, Asst. Public Defender, Tucson, for appellant.

OPINION

HATHAWAY, Judge.

This appeal attacks an order revoking appellant's probation and sentencing him to

imprisonment in the Arizona State Prison for not less than seven nor more than eight years. Appellant now contends that the court erred in failing to order further psychiatric examinations to determine his condition at the time of the act which formed the basis for revocation of probation, and that probation was revoked in violation of Rule 27.7(c), Rules of Criminal Procedure, which prohibits revocation of probation for violation of a condition or regulation of which the probationer had not received a written copy.

Briefly, the record reflects the following. On April 26, 1972, during the second day of trial on a murder charge, appellant pled guilty to voluntary manslaughter (pursuant to a plea bargain) and the guilty plea was accepted. Appellant was sentenced to imprisonment in the Arizona State Prison on May 10, 1972, and the court subsequently, pursuant to a motion under Rule 60(c), set aside the sentence and placed appellant on probation on September 10, 1973. It further appears that on June 30, 1975, appellant was again placed on probation which we assume was the result of another probation revocation hearing.

On March 4, 1976, a petition to revoke probation was filed alleging in substance that the probation officer believed that appellant had been arrested on February 26, 1976, for aggravated battery. On May 24, 1976, the court found that there had been a violation of probation, revoked the 1973 and 1975 orders of probation, and again suspended imposition of sentence for a period of five years from that date.[1] The minute entry order recited certain conditions of probation.

On August 11, 1976, another petition to revoke appellant's probation was filed alleging that the probation officer had reasonable cause to believe that appellant had committed a crime in that on August 6, 1976, appellant was arrested for aggravated battery on Judith O'Meal [appellant's wife]. Hearings were held pursuant to Rule 27.-

7(b), Rules of Criminal Procedure, on August 23, August 30 and September 13, at the conclusion of which the order revoking probation was entered. At the August 23 hearing, appellant's attorney moved for a psychiatric evaluation to determine the nature of appellant's mental state at the time of the incident alleged in the petition to revoke probation. At the August 30 hearing, the court directed the Court Clinic to examine appellant "for a general report plus any light that they can shed on what the defendant's mental condition under the McNaughton [sic] rule was at the time of last incident on August 6, 1976." A psychological evaluation report prepared by Dr. Gilmartin was filed in open court on September 13, and appellant's attorney requested further psychological and psychiatric evaluation which was denied.

Appellant contends that in declining to order further psychiatric examination, the court abused its discretion thereby depriving him of an opportunity to prepare and present "a potentially valid and sufficient defense" to the petition to revoke his probation. Thus, he maintains, he was deprived of his right to present evidence under Rule 27.7(b)(3), Rules of Criminal Procedure, and of his right to due process of law. Two courts have held that the defense of insanity is irrelevant to the issues which are to be determined in a probation revocation or parole revocation hearing. *Trumbly v. State*, 515 P.2d 707 (Alaska 1973) [probation revocation]; *Knight v. Estelle*, 501 F.2d 963 (5th Cir. 1974) [parole revocation], cert. den. 421 U.S. 1000, 95 S.Ct. 2399, 44 L.Ed.2d 668. On the other hand, in the case of *State v. Johnson*, 9 Wash.App. 766, 514 P.2d 1073 (1973), it was held that although insanity is not per se a defense to probation revocation, fundamental fairness requires that the trial court consider whether the probationer knew the difference between right or wrong at the time the alleged violations of probation occurred, not as a defense to the alleged violation, but to make it possible for

---

1. Since the maximum sentence for voluntary manslaughter is ten years, the court had authority to extend the probation period. See

*State v. Blackman*, 114 Ariz. 517, 562 P.2d 397 (filed March 9, 1977).

the trial court to have all the information necessary to make the judgment justice demands. In *Knight v. Estelle,* supra, the court pointed out that a parole revocation hearing is not a proceeding to assess guilt, but is held to determine whether the attempt by parole to rehabilitate the parolee has failed. The court stated:

"At this stage of matters, the interests of society and its safety must be first consulted, since—to take Knight for an example—it little matters to his prospective rape victim what mens rea, if any, is to accompany the act. To her, it is the same whether she is brutalized by one who does so from choice or because he cannot help it. And in either case, if the parolee has committed the physical act, the attempt to reintegrate him into society has obviously failed and the present effort to do so must be abandoned in favor of a more stringent form of custody. Whether the act which made the failure apparent was culpable or punishable is no concern of the revocation authority, which does not sit to punish. Its concern is whether the law has been obeyed, not whether it has been culpably broken." 501 F.2d at 964.

The United States Supreme Court decisions in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), illuminate the dual nature of a probation revocation hearing. The first facet involves a wholly retrospective factual question, i.e., whether the probationer has in fact acted in violation of one or more of the conditions of probation. The second aspect of the probation hearing regards a determination as to the disposition to be made once violation of the conditions of probation are established.

In the case at bench, it is undisputed that appellant acted in violation of the terms of his probation, to-wit that he violate no laws of the state. We do agree with him that his mental state at the time of violation was relevant to resolution of the second facet of the revocation hearing, that is, would continuation of appellant's probationary status be at odds with the need to protect society and society's interest in appellant's rehabilitation. *Trumbly v. State,* supra. We do not agree with appellant that the trial court abused its discretion in refusing to order another psychiatric examination.

As the record reflects, the trial court consistently continued appellant on probation despite repeated violations of the conditions of probation. Furthermore, appellant's violations demonstrated continued acts of aggression against people, which reinforced Dr. Gilmartin's diagnostic impression "of an explosive personality." We are of the opinion that even if a psychiatric examination had established that appellant's assault upon his wife was not volitional, his proven inability to conform to the conditions of probation supported a conclusion that the corrective aims of probation could not be achieved. We find no basis for interfering with the trial court's determination that probation would prove fruitless and that incarceration was the only alternative.

We find no merit in appellant's contention that his probation was revoked in violation of Rule 27.7(c), Rules of Criminal Procedure. There is no requirement that a condition that a probationer violate no laws be furnished to him in writing. *State v. Acosta,* 25 Ariz.App. 44, 540 P.2d 1263 (1975). We likewise reject appellant's attack on the adequacy of the notice of violation set forth in the petition to revoke probation.

Affirmed.

HOWARD, C. J., and RICHMOND, J., concur.