The STATE of Ohio, Appellee,

v.

HUTCHISON, Appellant.

[Cite as *State v. Hutchison* (1989), 63 Ohio App.3d 721.]

Court of Appeals of Ohio,
Summit County.

No. 13928.

Decided Aug. 9, 1989.

*Philip D. Bogdanoff,* Assistant Prosecuting Attorney, for appellee.
*Richard P. Kutuchief,* for appellant.

REECE, Judge.

On April 28, 1985, defendant-appellant, Michael Hutchison, was indicted for one count of burglary. Appellant pleaded guilty to the lesser included offense of breaking and entering. On November 14, 1985, appellant was granted shock probation.

On February 23, 1987, appellant was indicted for one count of robbery, and was additionally arraigned as a probation violator on the 1985 case. After a jury trial, appellant was found guilty of robbery and was ordered to serve his sentence consecutively with the 1985 conviction. However, the court placed appellant on probation for a period of five years. The terms of the probation were: report to Adult Probation Department as directed, abide by the rules and regulations, attend Blick Clinic, enroll in vocational rehabilitation, and pay the costs of the prosecution. The trial court also found appellant to be a probation violator on the 1985 case and continued appellant's probation on that case for one year.

On May 5, 1988, appellant, after threatening suicide, became a patient at Akron General Medical Center. On June 6, 1988, at appellant's request, he

was transferred from a closed ward to an open ward. After the transfer, appellant left the hospital without the knowledge or permission of the probation department.

On September 14, 1988, appellant was arrested, on a capias, in Florida. Upon return to Ohio, appellant was charged with two probation violations, to which he pleaded not guilty by reason of insanity. That plea was rejected by the trial court.

At the probation violation hearing, appellant was found guilty of both violations. The trial court imposed the original sentences and ordered them to be served consecutively. Additionally, the trial court ordered that the appellant receive treatment at Oakwood Forensic Center.

### Assignment of Error III

"The court erred in rejecting Michael Hutchison's plea of not guilty by reason of insanity and thereby not evaluating his violation in view of such a plea.

"A. Defendant Michael Hutchison was suffering from a mental illness sufficiently that he should not be held responsible for his behavior which led him to leave the jurisdiction and thus, he should not have been sentenced to the penitentiary.

"B. The court erred and abused its discretion in revoking Michael Hutchison's probation and sentencing him to the penitentiary even if the court in sound discretion found Michael to be in violation of his probation, this due to his mental illness and legal insanity."

Appellant contends that the trial court erred in rejecting his plea of not guilty by reason of insanity. Moreover, the trial court erred in sentencing him to the penitentiary when it failed to take into consideration his mental illness.

The United States Supreme Court has held that the revocation process is not part of a criminal prosecution. *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484. Furthermore, the United States Supreme Court in *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656, adopted for a probation revocation hearing the same minimum due process requirements which had been advanced in *Morrissey, supra,* for a parole violation hearing. The revocation decision has two analytically distinct components:

" * * * The first step in a revocation decision thus involves a wholly retrospective factual question: whether the parolee has in fact acted in violation of one or more conditions of his parole. Only if it is determined that the parolee did violate the conditions does the second question arise: should

the parolee be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation? * * *. The second question involves the application of expertise by the parole authority in making a prediction as to the ability of the individual to live in society without committing antisocial acts. This part of the decision, too, depends on facts, and therefore it is important for the board to know not only that some violation was committed but also to know accurately how many and how serious the violations were. * * * ” *Morrissey, supra,* at 479–480, 92 S.Ct. at 2599, 33 L.Ed.2d at 493.

■ Under the first step the issue to be determined is whether the defendant actually violated the conditions of his probation. The defense of insanity is irrelevant because the concern is whether the law was obeyed, not whether it was culpably broken. See *Trumbly v. State* (Alaska 1973), 515 P.2d 707; *State v. O'Meal* (1977), 116 Ariz. 307, 569 P.2d 249.

■ The purpose of the revocation process is to protect the public either by further attempted rehabilitation, or by revocation. In determining whether the probationer should be committed to prison, or whether other steps should be taken to protect society, and to improve the chances of rehabilitation, fundamental fairness requires the court to consider evidence of the defendant's mental state. See *People v. Breaux* (1980), 101 Cal.App.3d 468, 161 Cal.Rptr. 653; *State v. Johnson* (1973), 9 Wash.App. 766, 514 P.2d 1073. Since the purpose of a probation revocation hearing is to determine whether the alternatives to incarceration which have been made available to the defendant should remain open for him, not to determine whether the defendant should be held responsible for the acts with which he is charged, a plea of insanity should not be permitted. See *People, ex rel. Gallagher, v. Eighteenth Judicial Dist. Court* (1978), 196 Colo. 499, 591 P.2d 1015; *Knight v. Estelle* (C.A.5, 1974), 501 F.2d 963.

■ However, the trial judge should take into consideration all factors, including physical and mental examinations, in the reevaluation and reassessment of the correctness of the sentence. See *State v. Qualls* (1988), 50 Ohio App.3d 56, 552 N.E.2d 957. For the foregoing reasons, the trial court did not err in rejecting the plea of not guilty by reason of insanity.

Moreover, the trial court considered appellant's mental state when determining what disposition should be made after it was established that appellant violated his conditions of probation. Although appellant was sentenced to a state institution, the trial court ordered him to receive treatment at Oakwood Forensic Center.

Assignment of error three is not well taken.

### Assignments of Error I and IV

"I. The court erred in denying a continuance in order to obtain the presence of the evaluation psychologist and treating psychologist of whom defendant Michael Hutchison was a patient, and Becky Titus, defendant's Social Worker."

"IV. The court erred in denying an evaluation of Michael Hutchison to determine whether he was insane pursuant to law."

These assignments of error will be addressed together since they concern the due process requirements which must be afforded appellant in a probation revocation hearing. Appellant contends that his due process rights were violated when the trial court refused to allow a continuance of the probation violation hearing, and denied appellant an evaluation to determine his claim of not guilty by reason of insanity.

The same minimum due process requirements, advanced in *Morrissey, supra,* for a parole revocation hearing, and adopted for a probation revocation hearing, state that an individual has the right to " * * * (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. * * * " *Gagnon, supra,* 411 U.S. at 786, 93 S.Ct. at 1761–1762, 36 L.Ed.2d at 664.

Appellant contends that he was denied his rights under the third requirement above, the opportunity to present witnesses and documentary evidence. He argues he was denied this right when the trial court did not grant him an extension of time to call Dr. Grewal, Dr. Siddall and Becky Titus to testify.

The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court will not reverse the denial of a continuance unless there has been an abuse of discretion. *State v. Unger* (1981), 67 Ohio St.2d 65, 67, 21 O.O.3d 41, 43, 423 N.E.2d 1078, 1080. "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Id.,* citing *Ungar v. Sarafite* (1964), 376 U.S. 575, 589, 84 S.Ct. 841, 850, 11 L.Ed.2d 921, 931.

Under the facts of this case, the trial court did not abuse its discretion in denying the continuance. The judge at the probation violation hearing was the trial judge on the initial charges. As such, he was well aware of the mental condition of appellant. Additionally, numerous records were presented which illustrated appellant's mental illness. Moreover, any further reports or testimony would have been repetitive.

 Appellant claims that the court erred in not allowing an examination to determine if he was insane at the time of the violation of his condition of probation. As previously stated, appellant may not present a defense of not guilty by reason of insanity. Therefore, the trial court did not abuse its discretion in denying the examination. There was sufficient medical evidence before the court for it to consider appellant's mental condition.

Assignments of error one and four are not well taken.

### Assignments of Error II and V

"II. The court abused its discretion in finding Michael Hutchison in violation of his probation in that the state did not produce sufficient evidence to show of a knowing violation, and in fact, the evidence showed appellant's mental illness had manifested [–] [t]hus interfering with his decision and reasoning process.

"A. The state did not meet any burden of persuasion of showing that Michael Hutchison knowingly violated his probation, or could not overcome his impulse to go out of state due to his mental illness."

"V. The court erred in finding Michael Hutchison to be in violation of the terms and conditions of his probation for the offense of breaking and entering in Case No. CR 85–08–884 because there was no evidence whatsoever presented as pertains to this particular probation violation and for the reason that the insanity as alleged in Michael Hutchison's not guilty by reason of insanity of February 27, 1987 was proved through the testimony of the report of Dr. Siddall dated December 5, 1987, wherein he found Michael Hutchison to be within reasonable scientific certainty unable to control his impulses."

 Appellant contends that there was not sufficient evidence to show that he violated the conditions of his probation on the breaking and entering charge or that he did it knowingly. The record indicates that appellant violated the conditions of probation by leaving the state and not continuing with the treatment program that was designed to help him with his mental problems. As previously stated, the trial court took into consideration appellant's mental condition when it determined whether probation should be continued or revoked. As part of this consideration, whether appellant knowingly violated his conditions of probation was a factor to be considered.

This court cannot say that the trial court abused its discretion in finding appellant violated the conditions of his probation, as the evidence was sufficient to establish that he did.

Assignments of error two and five are not well taken, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

CACIOPPO, P.J., and BAIRD, J., concur.