DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 ____________________________ BATCHELDER, Judge.
Appellant William Keener appeals from the decision of the Wayne County Court of Common Pleas revoking his community control sanction[1] and reimposing the prison sentence previously suspended. We affirm.
In 1997, Keener pleaded guilty to one count of burglary, and the trial court imposed community control sanctions for a period of three years. One of the conditions of his community control sanction was that Keener was to refrain from using controlled substances.
On March 27, 1998, a complaint was filed by Keener's probation officer, Cheryl Gerwig, alleging that Keener had violated a condition of his community control sanction, namely, that he refrain from using controlled substances. Keener waived the probable cause hearing. A revocation hearing was held on April 8, 1998. The only witness was Gerwig. She testified that on March 16, 1998, Keener had tested positive for marijuana and was directed to take another drug test by urine sample. The person who administered this second urine test, Paul Wright, reported to Gerwig that he believed that Keener had attempted to substitute some other substance for his urine. After being notified about the incident, Gerwig confronted Keener on March 26, 1998. Keener denied having altered his urine test. Keener was then subjected to a third urine test, with a probation officer present in the room. The third test was positive for marijuana. After the third test, Keener came to Gerwig's office and was arrested. Keener admitted to Gerwig that "he screwed up[,]" and that "[h]e wanted [Gerwig] to handle this differently."
Based on Gerwig's testimony, the trial court found that Keener had violated a condition of his community control sanction and reimposed the original prison sentence of eighteen months. This appeal followed.
Keener asserts two assignments of error. We will address the second assignment of error first.
 Second Assignment of Error THE COURT'S FINDING THAT DEFENDANT VIOLATED HIS PROBATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THAT NO EVIDENCE WAS OFFERED TO SUBSTANTIATE THE VALIDITY AND RELIABILITY OF AN ALLEGED POSITIVE TEST FOR MARIJUANA.
Keener contends in his second assignment of error that the trial court erred by revoking his community control sanction. We disagree.
In order for an offender under a community control sanction to have that sanction revoked, the prosecution must prove a violation by a preponderance of the evidence. State v.Newman (July 10, 1991), Summit App. No. 14984, unreported, at 2. We review the trial court's decision under an abuse of discretion standard. Id. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
We conclude that the trial court did not abuse its discretion. The uncontradicted evidence before the trial court demonstrated that Keener failed two drug tests and, when arrested, admitted that he had "screwed up." Thus, there was sufficient evidence that Keener failed to abide by the pertinent condition of his community control sanction.[2]
Keener asserts that Gerwig's testimony was unsubstantiated by the results of the drug tests or the testimony of the person or people who performed the drug tests. However, it is the province of the trier of fact to weigh evidence and determine witness credibility. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Keener did not object to the testimony that he failed two drug tests or to his statement to Gerwig. The trial court was entitled to accept or reject Gerwig's testimony. We will not second-guess the trial court's determination simply because, in Keener's view, better evidence could have been presented. Keener's second assignment of error is overruled.
 First Assignment of Error THE TRIAL COURT ERRED WHEN IT ALLOWED A PROBATION OFFICER TO TESTIFY TO THE SPECULATION OF ANOTHER PERSON, DENYING APPELLANT HIS RIGHT TO CONFRONT AN ADVERSE WITNESS.
In his first assignment of error, Keener argues that his constitutional right to confront adverse witnesses was violated when Gerwig was allowed to testify about Keener's alleged alteration of the second urine drug test. He asserts that he was denied the opportunity to cross-examine Paul Wright, the person who told Gerwig about the drug test alteration. By not being permitted to confront this adverse witness, Keener claims that his constitutional rights have been violated.
A community control sanction revocation hearing, like a probation revocation hearing, is an informal proceeding. SeeState v. Rogers (Jan. 2, 1997), Wayne App. No. 96CA0006, unreported, at 6. Thus, some formal requirements of a criminal trial, such as the application of the Ohio Rules of Evidence, do not apply. Id.; Evid.R. 101(C). However, there are some minimal due process rights that must be extended to a person accused of violating a community control sanction. State v.Hutchison (1989), 63 Ohio App.3d 721, 726. One of these is the right to confront adverse witnesses. Id.
Assuming arguendo that Keener's right to confront adverse witnesses was violated when Paul Wright did not testify, we find the error harmless. "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A). Constitutional error may be considered harmless when the error is harmless beyond a reasonable doubt. State v. Brown (1992), 65 Ohio St.3d 483,485. Adapted to the setting found in the case at bar, a constitutional error in a community control sanction revocation hearing may be disregarded if we believe that the error is harmless beyond a reasonable doubt.
Gerwig testified that Keener failed two other drug tests, one before the altered test and one after the altered test. Furthermore, when he was arrested, Keener stated that he had "screwed up" and wanted to deal with the situation in some other manner. As we noted above, there was sufficient evidence to prove a violation without reference to the testimony concerning the urine test alteration. Given the state of the evidence before the trial court, we conclude that any error was harmless beyond a reasonable doubt. Keener's first assignment of error is overruled.
Keener's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Wayne, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER FOR THE COURT
BAIRD, P. J.
CARR, J.
CONCUR
[1] Prior to Am.Sub.S.B. No. 2, this was known as probation. The term "probation" is now only used when referring to suspended sentences for misdemeanors. See R.C. 2951.02. We will treat the terms "probation" and "community control sanction" as synonymous when applying caselaw that predates the change in terminology.
[2] Based on our resolution of Keener's first assignment of error, infra, we do not include the testimony concerning Keener's alteration of the second urine drug test in our analysis.