OPINION
Appellant was convicted of forgery, escape, and receiving stolen property and given a one-year prison sentence, subject to an additional term of post-release control pursuant to R.C.2967.28. After serving the full term of his incarceration, he was released from prison and, as part of his sentence, placed on post-release control.
While on post-release control, appellant was under the supervision of the Ohio Adult Parole Authority ("APA"). On June 2, 1998, appellant failed to report to the APA as required for a scheduled office visit. Appellant missed later appointments that year scheduled for July 7, August 4, September 8, October 6, November 3, and December 1. Appellant was eventually arrested in Kentucky and extradited to Ohio.
The APA held an administrative hearing on March 1, 1999, alleging that appellant failed to comply with post-release control by, among other things, failing to inform the APA of his residence and employment, failing to obtain permission before changing residence, and failing to report for required office visits. The APA concluded that appellant had violated six separate terms of his post-release control, and sanctioned him to one hundred nineteen days in prison.
Appellant was subsequently indicted by the Warren County Grand Jury on March 2, 1999, for the offense of escape, a violation of R.C. 2921.34(A)(1). The basis of the indictment was appellant's having moved out of Ohio in violation of the requirements of his post-release control. Appellant filed a motion to dismiss the indictment, alleging that the charge violated his due process rights and subjected him to double jeopardy. The trial court denied appellant's motion. Appellant subsequently entered a plea of no contest and was sentenced to one year in prison. Appellant appeals, raising one assignment of error:
 THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S MOTION TO DISMISS THIS INDICTMENT.
In his sole assignment of error, appellant argues that the trial court erred by failing to grant his motion to dismiss the indictment for escape. Appellant alleges that the imposition of a prison sentence by the APA for a violation of his post-release control constitutes a criminal punishment. Appellant therefore concludes that the double jeopardy and due process provisions of the United States and Ohio Constitutions prohibit his subsequent criminal prosecution for escape, arising from the same conduct. Appellant does not present a facial challenge to the constitutionality of the post-release control statute. Rather, appellant challenges the state's right to both impose a post-release control sanction, and to bring a separate criminal prosecution against him for the same conduct. Therefore, for purposes of this appeal, it is conceded that the post-release control statute is constitutional, and our inquiry is limited to a determination of whether appellant's conviction violates double jeopardy principles.
Section 10, Article I, of the Ohio Constitution provides that "[n]o person shall be twice put in jeopardy for the same offense." Similarly, the Fifth Amendment to the United States Constitution states that no person shall "be subject to the same offense to be twice put in jeopardy of life or limb." The Supreme Court of Ohio has stated that the protections afforded by the Double Jeopardy Clauses of each Constitution are coextensive (that is, have the same limits, boundaries, and scope). See State v. Gustafson
(1996), 76 Ohio St.3d 425, 432.
Therefore, we begin with the premise that the prohibition against double jeopardy protects individuals from three types of abuses by the criminal justice system: "(1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." Id., citing United States v. Halper
(1989), 490 U.S. 435, 440, 109 S.Ct. 1892, 1897 (citations omitted).
In the present case, appellant was not subject to two criminal prosecutions for a single offense, but was subject to an administrative hearing and a single prosecution. As appellant was subject only to a single criminal prosecution, his double jeopardy claim does not fall under either of the first two above-stated scenarios. Rather, appellant's double jeopardy argument falls under the third scenario, which prohibits "multiple criminal punishments for the same offense." The issue before us is whether appellant's post-release control sanction is a criminal punishment which operates to bar his later criminal prosecution for the same conduct.
The Double Jeopardy Clause only protects against multiple criminal punishments, and then only if they are imposed in separate proceedings. See Hudson v. United States (1997),522 U.S. 93, 118 S.Ct. 488. As a result, the prohibition against double jeopardy does not bar the imposition of multiple punishments in every situation. For example, prison disciplinary sanctions are not criminal in nature, and therefore do not prohibit, on double jeopardy grounds, a subsequent criminal prosecution arising from the same conduct. State v. Thompson
(1999), 132 Ohio App.3d 755, 758. And in many cases, courts have the option of imposing both a fine and a prison sentence against a convicted defendant. See United States v. DiFrancesco (1980),449 U.S. 117, 139, 101 S.Ct. 426, 438-439.
Appellant urges that the post-release control sanction was imposed because he moved from the state of Ohio in violation of his post-release control conditions, the same conduct for which he was convicted of escape. In fact, the revocation of his post-release control and imposition of an additional prison sentence was only partially predicated on appellant's failure to report his change of address to the APA.
Appellant's original sentence for forgery, escape, and receiving stolen property consisted, in part, of a term of post-release control, consistent with R.C. 2967.28. In addition to authorizing sanctions for violations of post-release control, R.C.2921.01(E) also specifically authorizes the prosecution of any felony that arises from the same conduct which leads to the post-release control sanction.
Pursuant to R.C. 2967.11(B), the APA may punish a person who has been found to have violated post-release control by extending the prisoner's incarceration time. The fact that R.C. 2967.28
confers authority to punish on the APA, an administrative agency, is prima facie evidence that the General Assembly intended the punishments imposed by the APA to be civil or administrative in nature rather than criminal. Hudson v. United States (1997),522 U.S. 93, 103, 118 S.Ct. 488, 495, citing Helvering v. Mitchell
(1938), 303 U.S. 391, 402, 58 S.Ct. 630, 634-635. The inquiry then becomes whether the regulatory scheme is so punitive as to constitute, in effect, a criminal penalty. This transformation can only occur upon presentation of "clearest proof." Hudson at 100.
Although post-release control disciplinary proceedings necessarily have punitive aspects, they remain primarily remedial in nature, as the goals of the disciplinary proceedings differ from the punitive nature of criminal prosecutions. Appellant's administrative hearing before the APA served only to determine whether he had violated the terms of his post-release control. The APA concluded that appellant had violated the terms of his post-release control and imposed a term of remedial incarceration.
We find that a sanction, issued for a post-release control violation, is imposed administratively for remedial purposes and is analogous to other situations in which an individual is subject to administrative penalties, such as parole revocation, probation revocation, and "bad time" sentences. The Double Jeopardy Clause does not prohibit subsequent criminal prosecutions based on the same conduct in these circumstances. See State v. Boone (Mar. 10, 1994), Cuyahoga App. No. 64924, unreported (double jeopardy does not prohibit criminal prosecutions based on the same conduct which led to prior parole revocations); State v. Hutchinson (1989),63 Ohio App.3d 721, 724 (double jeopardy does not prohibit criminal prosecutions based on the same conduct which led to probation revocation); State ex rel. Bray v. Russell (Nov. 9, 1998), Warren App. No. CA98-06-068, unreported ("bad time" is part of an initial sentence, not an additional term of punishment), discretionary appeal allowed, 87 Ohio St.3d 1411; but, see, State v. Nutt (Sept. 16, 1999), Pickaway App. No. 98CA36, unreported ("bad time" is additional punishment), discretionary appeal allowed, 88 Ohio St.3d 1415.
Appellant's post-release control sanction is an element of his original sentence, issued for his failure to comply with his post-release control conditions. R.C. 2967.11. The prison sentence was not imposed as punishment for appellant's conduct while under post-release control, but rather as a reinstatement of a term of his original sentence. See State of Ohio v. Dawson
(Apr. 5, 2000), Tuscarawas App. No. 1999AP080051, 2000 WL 502838, at *2, unreported; Bray at *9. Accordingly, appellant was not placed in jeopardy for the offense of escape in the post-release control hearing. See Dawson at *2.
Although appellant mentions due process in his issue for review, he has failed to provide any argument on this issue. Further, the record before us does not provide the opportunity to review the process afforded appellant in the APA hearing. Appellant has failed to separately argue this alleged error and we will accordingly disregard it. See Foster v. Board of Elections
(1977), 53 Ohio App.2d 213, 229.
Appellant's assignment of error is overruled, and therefore, the judgment of the trial court is affirmed.
POWELL, P.J., and YOUNG, J., concur.