JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On July 18, 1995, defendant-appellant Curtis L. Goldson entered a plea of guilty to gross sexual imposition upon a child and was sentenced to an indefinite period of incarceration of two and one-half to ten years. The sentence was suspended and Goldson was placed on probation for five years. In November 1998, Goldson was indicted for rape and gross sexual imposition. The victim was a seven-year-old girl. In June 1999, following a hearing, the trial court revoked Goldson's probation and ordered the execution of the original sentence. Goldson now appeals the revocation, raising two assignments of error.
Goldson first contends that the trial court's decision to revoke probation was not supported by sufficient evidence and was against the manifest weight of the evidence.[1] This argument fails, as the record reflects that the state produced substantial evidence that Goldson had failed to report to his probation officer, had vacated his last known address without notifying his probation officer of his whereabouts, and had been apprehended in Indiana on the 1998 rape charge. See State v. Hutchinson (1989),63 Ohio App.3d 721, 580 N.E.2d 34. Any conflict in the testimony offered in support of the violations was for the trial court to resolve. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus. As the state presented substantial evidence of the violations, the court did not abuse its discretion in revoking Goldson's probation. See State v.Henderson (1989), 62 Ohio App.3d 848, 577 N.E.2d 710. The first assignment of error is overruled.
Goldson's second assignment of error, in which he contends that the trial court erred in imposing a term of incarceration without making the findings required by R.C. 2929.14, is overruled. The sentencing provisions of R.C. Chapter 2951 apply to a person upon whom a court, on or after July 1, 1996, and in accordance with the law existing prior to July 1, 1996, imposes a term of imprisonment for an offense that was committed prior to July 1, 1996. See R.C.2951.011(A). As Goldson committed the offense of gross sexual imposition in 1995, before the effective date of Senate Bill 2, the trial court did not have to comply with the post-Senate Bill 2 provisions of R.C. 2929.14. See, also, Lemon v. Ohio Adult ParoleAuth. (1997), 78 Ohio St.3d 186, 677 N.E.2d 347.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] Although Goldson does not claim that the trial court improperly considered his 1998 indictment for rape and gross sexual imposition, we note that our reversal of his conviction on those charges in State v. Goldson (Aug. 25, 2000), Hamilton App. No. C-990777, unreported, does not affect this case. Probation may be revoked even though a conviction based on the same facts is overturned, unless all factual support for revocation is removed. See Barnett v. Ohio Adult Parole Authority (1998), 81 Ohio St.3d 385,387, 692 N.E.2d 135, 136; see, also, Zanders v. Anderson
(1996), 74 Ohio St.3d 269, 272, 658 N.E.2d 300, 302.