This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Earth `N Wood Products, Inc. ("Earth `N Wood"), appellant, appeals from the decision of the Summit County Court of Common Pleas which affirmed the decision of the City of Akron Board of Zoning Appeals ("BZA"). We reverse.
 {¶ 2} As pertinent to the present appeal, the City of Akron's Zoning Compliance Inspector issued Earth `N Wood an "Order to Comply," informing Earth `N Wood that it was in violation of the City of Akron Zoning Code. Earth `N Wood appealed the inspector's decision to the BZA on August 3, 2001. In appealing the decision, Earth `N Wood completed a petition which requested a contact address for the applicant. Earth `N Wood provided the president of the business' address and also noted that the business' attorney should be notified as well, providing the attorney's name and address.
 {¶ 3} The BZA held a hearing on the appeal on Wednesday, August 29, 2001. At the beginning of the hearing, Earth `N Wood's representative, Chris Hattery, requested a continuance. Ms. Hattery explained that Earth `N Wood had not received the notice of the hearing in the mail until Saturday and, in fact, she had not seen the notice until she was at her desk on Monday. Ms. Hattery also explained that the owners were currently out of the state and that the business' attorney could not be present because he was in court on another matter. Ms. Hattery stated that it was Earth `N Wood's intention to be represented by legal counsel at the hearing.
 {¶ 4} The City of Akron Assistant Director of Law acknowledged that the notice of the hearing probably did not get placed in the mail until the previous Wednesday, a week before the hearing. He did not dispute the fact that the mailed notice did not arrive at Earth `N Wood's address until at least the following Saturday. The Director stated that Earth `N Wood had notice of the hearing when it filed the appeal to the BZA. Specifically, Earth `N Wood was given a meeting schedule and, while not told when their issue would be addressed, "knew that within three weeks or five weeks, eight weeks this appeal was coming." The Director indicated that he believed Earth `N Wood had also requested the continuance prior to the hearing, on either Monday or Tuesday. The BZA did not grant the continuance but, rather, proceeded to consider the matter and affirmed the order of the inspector.
 {¶ 5} Earth `N Wood appealed the BZA's decision to the Summit County Court of Common Pleas. The matter was assigned to a magistrate and, on August 19, 2002, the magistrate affirmed the BZA's decision. On September 11, 2002, the trial court entered judgment on the matter, adopting the magistrate's decision to affirm the BZA. This appeal followed.
 {¶ 6} Earth `N Wood raises one assignment of error:
 "THE DECISION OF THE TRIAL COURT, AS A MATTER OF LAW, IS NOT SUPPORTED BY A PREPONDERANCE OF RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE."
 {¶ 7} In the assignment of error, Earth `N Wood makes several assertions regarding the BZA's decision. Earth `N Wood specifically asserts, inter alia, that it was error for the BZA to deny the request made for a continuance at the August 29, 2001 hearing. We agree.
 {¶ 8} The common pleas court's review of Earth `N Wood's administrative appeal is governed by R.C. 2506.01 et seq. See R.C 2506.01. R.C. 2506.04 sets forth the common pleas court's standard of review:
 {¶ 9} "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."
 {¶ 10} The common pleas court weighs the evidence in the record and may consider new or additional evidence only under certain circumstances. See R.C. 2506.03; Smith v. Granville Twp. Bd. of Trustees
(1998), 81 Ohio St.3d 608, 612. A party may then appeal the court of common pleas decision to an appellate court "on questions of law as provided in the Rules of Appellate Procedure[.]" R.C. 2506.04. Upon appeal from the common pleas court, our review is even more limited. We must affirm the decision of the common pleas court unless we find, as a matter of law, that the decision is not supported by a preponderance of reliable, probative, and substantial evidence. Smith,81 Ohio St.3d at 613, citing Kisel v. Sandusky (1984), 12 Ohio St.3d 30, 34. See, also,Russell v. Akron Dept. of Public Health, Hous. Appeals Dept. (2001),142 Ohio App.3d 430, 432.
 {¶ 11} The standard for granting a continuance is the same for an administrative agency as for a trial court. Coats v. Limbach (1989),47 Ohio St.3d 114, 116. In State v. Hutchison (1989), 63 Ohio App.3d 721,726, this Court stated:
 "The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court will not reverse the denial of a continuance unless there has been an abuse of discretion. State v. Unger (1981), 67 Ohio St.2d 65, 67 ***. `There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances in every case, particularly in the reasons presented *** at the time the request is denied.' Id., citing Ungar v. Sarafite
(1964), 376 U.S. 575, 589, 84 S.Ct. 841, 850, 11 L.Ed.2d 921, 931."
 {¶ 12} In the present case, it is not disputed that the letter informing Earth `N Wood of the hearing was not mailed until at least the Wednesday before the hearing, that the letter did not arrive at Earth `N Wood's address until Saturday at the earliest, and, also, that Ms. Hattery did not see the notice until she was at her desk on Monday, two days before the hearing. The Director acknowledged that Earth `N Wood apprised the BZA of its request for continuance prior to the hearing. The appeal petition indicated Earth `N Wood's intent to involve the lawyer in the appeal process and Ms. Hattery informed the court that neither the owners nor Earth `N Wood's lawyer could attend the hearing by the time Earth `N Wood received notice. Further, while the Director indicated that Earth `N Wood had been given sufficient notice of the hearing by filing the appeal, it was also acknowledged that Earth `N Wood was not given a specific time for the hearing but was merely told that the hearing date could be anywhere between three to eight weeks from the time of the application.
 {¶ 13} Pursuant to these facts, we find that the trial court's decision affirming the BZA's denial of the motion for a continuance is not supported by a preponderance of reliable, probative, and substantial evidence. Earth `N Wood showed good cause for a continuance and the denial of the motion was an abuse of discretion. Accordingly, we need not address Earth `N Wood's other assertions raised in the assignment of error.
 {¶ 14} Earth `N Wood's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
SLABY, P.J. and CARR, J. CONCUR