[Cite as *State v. Castellini*, 2012-Ohio-1603.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-110445 |
| | | C-110446 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-0905739A |
| | | B-0907053 |
| vs. | : | |
| PETER CASTELLINI, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Affirmed

Date of Judgment Entry on Appeal:  April 11, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michaela M. Stagnaro*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}  Defendant-appellant Peter Castellini appeals from two judgments entered by the Hamilton County Court of Common Pleas that revoked his community-control sanctions and together imposed an aggregate prison term of six years.  Because these judgments were neither contrary to law nor an abuse of the trial court's discretion, we must affirm.

### Facts & Procedural Background

{¶2}  Castellini has been subject to various protection orders involving members of his family.  In August 2009, he was indicted on one count of violating a protection order for contacting William Castellini, in violation of R.C. 2919.27(A), in the case numbered B-0905739A.  Two months later, in October 2009, he was indicted on an additional count of violating a protection order, this time for contacting Joyce Castellini, and one count of retaliation for threatening a judge, in violation of R.C. 2921.05(A), in the case numbered B-0907053.

{¶3}  In each case, Castellini moved under Crim.R. 11(H) for leave to plead not guilty by reason of insanity.  He also moved the trial court to evaluate his competency to stand trial.  *See* R.C. 2945.371.  In January 2010, the court found that Castellini was incompetent to stand trial, and ordered him to undergo treatment at the Summit Behavioral Healthcare Center to restore his competency.  *See* R.C. 2945.38. Three months later, in April 2010, the court found that he was competent to stand trial.

{¶4}  In June 2010, Castellini pleaded guilty to violating a protection order in the case numbered B-0905739A, and retaliation in the case numbered B-0907053. The remaining count for violating a protection order in the latter case was dismissed.

2

{¶5}     Following a mental health evaluation, the court imposed two identical and concurrent two-year terms of community-control sanctions. The court ordered Castellini to complete a community-based correctional program known as Cornerstone, and not to contact any member of his family or the judge whom he had threatened. The court further warned Castellini that if he violated these sanctions, it would impose consecutive prison terms of one year in the case numbered B-0905739A, and five years in the case numbered B-0907053.

{¶6}     In September 2010, a probation officer informed the court that Castellini had violated his community-control sanctions by contacting members of his family. One month later, in October 2010, the court found that Castellini was incompetent to participate in revocation proceedings, and again ordered him to undergo treatment to restore his competency. Three months later, in January 2011, the court found that Castellini was competent to participate in the proceedings.

{¶7}     At the revocation hearing, Castellini admitted that he had called his brother. In mitigation, defense counsel indicated that while Castellini had been waiting to be transferred from jail to the Cornerstone program, he suffered Lithium toxicity and decompensation. This apparently left him unable to participate in the Cornerstone program. He was, therefore, released instead.

{¶8}     Castellini called his brother two days later. He explained to the court:

> Judge, I have permanent ringing in my left ear, never goes
> away. And I'm certain that I had a mild stroke when I was
> in jail. I asked my brother Michael to take me to the
> hospital. I didn't have any money for a bus. I went to
> probation. I didn't know I wasn't allowed. I just asked

him to take me to the hospital and hold my hand while I was there. T.p. 35.

{¶9}   In response, the state argued that Castellini remained a threat to his family, and reminded the court that he had threatened a judge. After comparing Castellini to Dr. Jekyll and Mr. Hyde, the court revoked his community-control sanctions and imposed consecutive prison terms of one year in the case numbered B-0905739A, and five years in the case numbered B-0907053. Castellini now appeals, raising two assignments of error.

### *Fundamental Fairness*

{¶10}   In his first assignment of error, Castellini argues that the trial court erred in revoking his community-control sanctions and imposing prison terms. He maintains that due to his mental health at the time he violated his sanctions, his imprisonment was contrary to the fundamental fairness required by the Fourteenth Amendment to the United States Constitution. We are not persuaded.

{¶11}   For support, Castellini relies exclusively on *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). In *Bearden*, the United States Supreme Court held that where a probationer has made all reasonable efforts to pay a fine or make restitution, yet cannot do so through no fault of his or her own, "it is fundamentally unfair to revoke probation automatically without considering whether adequate alternative methods of punishing the defendant are available." *Id.* at 668-669. The court concluded that such a deprivation would violate the Fourteenth Amendment. *Id.* at 673.

{¶12}   Castellini argues that, in light of *Bearden*, the trial court abused its discretion in revoking his community-control sanctions and imposing prison terms.

4

However, constitutional analysis is a question of law that we review de novo. *State v. Ziepfel*, 107 Ohio App.3d 646, 652, 669 N.E.2d 299 (1st Dist.1995).

{**¶13**}    Despite its holding, the *Bearden* court recognized that in other contexts, a defendant's lack of fault in violating the terms of his or her probation would not "necessarily prevent a court from revoking probation." *Id.* at 668, fn. 9.

> For instance, it may indeed be reckless for a court to permit a person convicted of driving while intoxicated to remain on probation once it becomes evident that efforts at controlling his chronic drunken driving have failed. Ultimately, it must be remembered that the sentence was not imposed for a circumstance beyond the probationer's control but because he had committed a crime.   In contrast to a condition like chronic drunken driving, however, the condition at issue here—indigency—is itself no threat to the safety or welfare of society.  *Id.* (citations and quotation marks omitted)

{**¶14**}    Considering *Bearden*, the Tenth District Court of Appeals has held that "insanity is not a complete defense in a probation revocation hearing but is a mitigating factor which a court should consider when the issue is timely raised." *State v. Qualls*, 50 Ohio App.3d 56, 60, 522 N.E.2d 957 (10th Dist.1988).   The court reasoned that where "the condition of the defendant which led to the commission of an act which is in violation of probation (arguably insanity in this case) is a threat to the safety or welfare of society, then the sentencing court may revoke probation even though that condition of defendant is one over which he has no control." *Id.*, citing *Bearden* at 670. *Accord State v. Bell*, 66 Ohio App.3d 52, 56-57, 583 N.E.2d 414 (5th Dist.1990); *State v.*

*Hutchison*, 63 Ohio App.3d 721, 725, 580 N.E.2d 34 (9th Dist.1989). *See also United States v. Brown*, 899 F.2d 189 (2d Cir.1990); *Knight v. Estelle*, 501 F.2d 963 (5th Cir.1974).

{¶15} Persuaded by this precedent, we decline to read into the Fourteenth Amendment an additional substantive limitation on sentencing courts. Castellini was afforded ample opportunity to present mitigating factors to the trial court, including his mental health at the time of his violation. The court, however, evidently agreed with the state's assertion that Castellini was dangerous and remained a threat to his family. We cannot say that this was fundamentally unfair, even if Castellini was insane at the time of his violation. The first assignment of error is, therefore, overruled.

### *Purposes and Principles of Felony Sentencing*

{¶16} In his second assignment of error, Castellini argues that the trial court erred in failing to consider the purposes and principles of felony sentencing. *See* R.C. 2929.11 and 2929.12. We disagree.

{¶17} When reviewing a sentence, we first must determine whether it was contrary to law. *State v. Brown*, 1st Dist. Nos. C-100309 and C-100310, 2011-Ohio-1029, ¶ 13, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 14. If the sentence was not contrary to law, we then must decide whether it was an abuse of the trial court's discretion. *Brown* at ¶ 13, citing *Kalish* at ¶ 17.

{¶18} "Following a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes." *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17. Under R.C. 2929.15(B)(1), the court may impose one of the following penalties:

(a)  A longer time under the same sanction if the total time under the sanctions does not exceed the five-year time limit specified in division (A) of this section;

(b)  A more restrictive sanction under R.C. 2929.16, 2929.17, or 2929.18 of the Revised Code;

(c)  A prison term on the offender pursuant to section 2929.14 of the Revised Code.

{¶19}   Any prison term imposed under this subdivision  "shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing * * * ."  R.C. 2929.15(B)(2).  *See State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, paragraph two of the syllabus.

{¶20}   Castellini was convicted of violating a protection order, a fifth-degree felony, in the case numbered B-0905739A, and retaliation, a third-degree felony, in the case numbered B-0907053.  At the time, these offenses were punishable up to one year and five years in prison, respectively.  *See* former R.C. 2929.14(A)(3) and (5).  Instead, the court imposed community-control sanctions for each offense, but warned Castellini that if he violated any condition of these sanctions, it would impose consecutive prison terms of one year in the case numbered B-0905739A, and five years in the case numbered B-0907053.  At the revocation hearing, the court did so. Thus, Castellini's prison terms are within the range authorized by law.

{¶21}   Despite this, Castellini argues that, in imposing the maximum sentences consecutively, the trial court failed to consider the overriding purposes of felony sentencing and the seriousness and recidivism factors set forth in R.C. 2929.11 and 2929.12.

{¶22} We must disagree. Although the trial court did not specifically state that it had considered R.C. 2929.11 and 2929.12, we may presume that it did. *State v. Strong*, 1st Dist. Nos. C-100484 and C-100486, 2011-Ohio-4947, ¶ 82, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. Moreover, the trial court was required not only to consider the gravity of the community-control violation, but also the seriousness of the original offenses that lead to the imposition of community control. *Brooks* at ¶20. With this in mind, we cannot say that the trial court disregarded R.C. 2929.11 and 2929.12, particularly in light of Castellini's past threats to his family and a judge. We, therefore, hold that his prison terms are not contrary to law.

{¶23} We next turn to whether the trial court abused its discretion. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶24} This is certainly a sad case. We wonder whether Castellini would now face six years in prison had he been able to participate in the Cornerstone program. Moreover, we are troubled by the length of his sentence given his seemingly innocuous violation. We further fear that prison will do little to prepare Castellini for his eventual reintegration into society.

{¶25} Nevertheless, we share the trial court's concern for the threats that Castellini made against members of his family and a fellow member of the judiciary. We also recognize the trial court's superior position in assessing the proper response to a community-control violation. Having thoroughly reviewed the record, we find nothing to suggest that the judge selected the sentences arbitrarily, based the sentences on impermissible factors, failed to consider pertinent factors, or gave unreasonable

weight to any pertinent factor. *See State v. Wolfe*, 5th Dist. No. 2008-CA-00064, 2009-Ohio-830, ¶ 46. We, therefore, cannot say that the trial court abused its discretion in imposing these prison terms.

{¶26} Accordingly, the second assignment of error is overruled, and the judgments of the trial court are affirmed.

Judgments affirmed.

**HILDEBRANDT, P.J.,** and **HENDON, J.,** concur.

Please note:

The court has recorded its own entry this date.