The **STATE** of Ohio, Appellee,

v.

**HENDERSON**, Appellant.

[Cite as *State v. Henderson* (1989), 62 Ohio App.3d 848.]

Court of Appeals of Ohio,
Hamilton County.

No. C–880168.

Decided May 17, 1989.

850

*Arthur M. Ney, Jr.,* Prosecuting Attorney, *Judith A. Anton* and *Gerald Krumpelbeck,* for appellee.

*G. David Yaros,* for appellant.

GORMAN, Judge.

The defendant-appellant, Vincent Henderson, appeals from the trial court's order revoking his probation and committing him to the Ohio State Penitentiary for an indefinite term of one and one-half to five years. Defendant's assignments of error are as follows: (1) the trial court erroneously overruled his motion to dismiss the probation violation; (2) the trial judge violated due process at the probable-cause hearing by not issuing a written statement of

the evidence upon which he relied; (3) the condition of probation in question was overbroad and infringed upon his right of free speech. The assignments are not well-taken.

The grand jury returned a two-count indictment against the defendant charging him with receiving stolen property and illegal processing of drug documents, with a specification of a prior conviction of an offense of violence as to each count. On December 10, 1987, the defendant entered into a plea bargain in which the first count and both specifications were dismissed in return for his plea of guilty to the second count. The trial judge continued defendant's release on his own recognizance during the presentence investigation.

At the sentencing hearing on January 14, 1988, when the trial judge asked the defendant if he had any reason why sentence should not be pronounced, defendant responded:

"Yes, sir, I do. I know I did wrong. I apologize for my crimes and I apologize for being late this morning, and I know I need help for my drug problem, and I'm doing everything I can for that problem."

The trial court then suspended execution of the sentence of imprisonment and placed the defendant on probation for a term of two years.

About 3:00 p.m., on the same date, defendant reported to the probation department. His probation officer testified at the revocation hearing that it took thirty minutes to persuade him to sign the rules of probation. During this time he informed the probation officer that he did not agree with the rules and would not sign them. At first, he would not provide his address and would not confirm whether his mother lived with him at his residence. He further stated that the rule requiring him to work was a waste of his time because he had income from the Veterans Administration, and he could live off of drug money. Although he eventually signed the rules, in the presence of the probation officer he crumpled up his copy and threw it in a wastebasket. Before the defendant left the office the probation officer arrested and confined him. Six days later, she filed a complaint alleging that defendant had violated the condition of probation requiring that he conduct himself appropriately at all times and answer truthfully all questions asked by the probation department. On that date, the trial judge conducted a hearing and found that probable cause existed to hold the defendant for a revocation hearing. Subsequently, at a separate hearing, the trial judge found that defendant had violated Rule # 1 of his probation, and sentenced the defendant to the term that he had originally imposed.

I

Defendant contends that the complaint fails to allege sufficient facts to inform him of the specific violation. The right to due process under Section 10, Article I, Ohio Constitution guarantees the probationer's right to be informed of the violation through a brief statement of the essential facts. *State v. Burgun* (1976), 49 Ohio App.2d 112, 3 O.O.3d 177, 359 N.E.2d 1018. Although Crim.R. 32.3 is silent, due process requires the statement of allegations and conditions of probation violated to be in writing. *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656, 71 O.O.2d 279; *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484.

The complaint, which alleges the defendant violated Rule # 1, states:

"Rule # 1: While on probationary status, I shall conduct myself appropriately at all times and *answer all questions* by probation department personnel *truthfully to the best of my ability.* [Emphasis added.]

"The probationer had to be forced to read the probation rules. He read most of them aloud, very fast and reluctantly. He stated it was a waste of his time. He refused to read the bottom paragraph. When given the signed rules in an envelope, he crumpled it into a ball stating 'This is unnecessary, I don't need this.' He also refused to give extra pertinent information (relative's address and telephone number)."

Defendant's refusal and delay in furnishing information at the processing level, coupled with his insolent conduct toward the probation officer, clearly is the basis for the violation. Defense counsel's cross-examination of the probation officer at the revocation hearing vividly illustrates that counsel, at least, understood the reason for defendant's violation.

Defendant also maintains that when arrested, he was not on probation because the judgment had not yet been journalized.[1] The judgment entry shows on its face that it was journalized on January 14, 1988. Defendant has not pointed to anything in the record which suggests the judgment was not journalized at the time he was in the presence of his probation officer.

R.C. 2929.11(D) and (E) require the trial judge to impose a sentence of imprisonment upon a defendant convicted of any felony. Accordingly, execution of a felony sentence can be suspended only if the trial judge places the defendant on probation pursuant to R.C. 2951.02. *State v. Smith* (1989),

---

1. Although defendant failed to bring this issue to the trial judge's attention, during the revocation hearing on February 8, 1989, or include it as an assignment of error in his brief, if his argument is valid, any error relates to the trial court's jurisdiction and, therefore, is subject to review *sua sponte* by this court. See *State v. 1981 Dodge Ram Van* (1988), 36 Ohio St.3d 168, 522 N.E.2d 524, interpreting App.R. 12(C).

42 Ohio St.3d 60, 537 N.E.2d 198. After the trial judge pronounces sentence as provided in R.C. 2947.07, a defendant cannot be released from custody, pursuant to R.C. 2951.06, until the conditions required by the court are met and the judgment entry is journalized. In either event defendant's argument is self-defeating. Even if it is assumed, *arguendo*, that defendant was not yet legally on probation at the time of his arrest, the trial judge had the option at any time before execution to modify the sentence by withdrawing the oral pronouncement of probation and committing him to the penitentiary. See *State v. Harris* (1981), 2 Ohio App.3d 48, 2 OBR 54, 440 N.E.2d 572. The first assignment of error is, therefore, overruled.[2]

## II

Defendant argues that the trial judge violated due process in failing to issue a written statement of the evidence upon which he relied in finding probable cause. While due process requires the fact finder's written statement of the evidence relied upon in revoking probation, *Morrissey, supra,* no equivalent requirement governs the finding of probable cause. The probable-cause hearing is simply the court's timely inquiry into the arrested probationer's conduct, the validity of the conditions allegedly violated, and the reasonable grounds for the violation. Its purpose is to prevent a probationer's unjust imprisonment pending the revocation hearing. Defendant's failure to raise irregularities until the time of the revocation hearing constitutes waiver of any error. *State v. Delaney* (1984), 11 Ohio St.3d 231, 11 OBR 545, 465 N.E.2d 72. In the case *sub judice* the trial judge's separately journalized findings, with his recorded statement of the evidence upon which he relied, and his decision to revoke defendant's probation, made in the presence of defendant and counsel, satisfied due process. *State v. Meyers* (Oct. 8, 1980), Hamilton App. No. C–790747, unreported. The second assignment of error is overruled.

## III

Defendant argues that he was punished for making statements and expressing opinions protected by the First Amendment. His argument assumes that free speech is absolute. However, the First and Fourteenth Amendments do not guarantee the right to speak one's views at all times and places or in the manner desired. *Cohen v. California* (1971), 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284; *State v. Mosley* (1977), 55 Ohio App.2d 178, 9

---

2. For a general discussion of this issue and the approach taken by other jurisdictions see Annotation (1983), 22 A.L.R. 4th 755.

O.O.3d 335, 380 N.E.2d 731. Government may properly regulate speech if the regulation is: (1) not based on content, (2) bears a reasonable relationship to a significant government interest, and (3) allows alternative channels for communication. *Heffron v. International Society for Krishna Consciousness, Inc.* (1981), 452 U.S. 640, 101 S.Ct. 2559, 69 L.Ed.2d 298.

■ Defendant does not explain how he was entitled to a public forum during processing in the probation department. In the case *sub judice*, time and place regulation of defendant's speech resulted from the disability imposed by R.C. 2961.01 due to his conviction. Further, Rule # 1 was directed to the expression of his opinions as distinguished from their content. Under similar circumstances discipline of prison inmates because of insolent and vulgar, but not obscene, remarks to prison correction officers is properly upheld because it is in accord with the legitimate policy and goals of the penal system. *Durkin v. Taylor* (E.D.Va.1977), 444 F.Supp. 879.

■ Rule # 1 does not arbitrarily impinge upon defendant's exercise of his right of free speech since the conduct required of defendant is directly related to the purpose of probation, specifically, his education and rehabilitation. *Pell v. Procunier* (1974), 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495, 71 O.O.2d 195; *State v. Livingston* (1976), 53 Ohio App.2d 195, 7 O.O.3d 258, 372 N.E.2d 1335. Although defendant maintains that his violation and arrest before he had an opportunity to comply with the conditions are unfair, the evidence at the revocation hearing reflects that defendant's attitude in the courtroom at the time of sentence changed drastically after he arrived at the probation department several hours later. The delay defendant created in his processing, his refusal to provide requested information, and his surly attitude toward the probation officer were objective factors sufficient to suggest that he was a poor risk to complete probation successfully. Clearly, the trial judge did not abuse his discretion in revoking defendant's probation.

■ Defendant also contends that the condition in Rule # 1, requiring that he conduct himself "appropriately" at all times, is vague because of the "absence of guidelines or reasonable standards to assess conduct of a probationer." To some degree this assignment relates to defendant's first assignment of error. The language of the rule in light of the stated facts of the complaint is sufficient to inform a person of ordinary sensibilities and intelligence of the meaning and prohibition imposed by the condition. *State v. Hayes* (1987), 31 Ohio App.3d 40, 31 OBR 56, 507 N.E.2d 1176. The record establishes that defendant was not misled concerning the reasons for his

violation in context with the conditions. Therefore, defendant's third assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN, P.J., and HILDEBRANDT, J., concur.