The STATE of Ohio, Appellee,

v.

WOODS, Appellant.

[Cite as *State v. Woods* (1994), 98 Ohio App.3d 606.]

Court of Appeals of Ohio,
Montgomery County.

No. 14317.

Decided Nov. 18, 1994.

*Carley J. Ingram,* Montgomery County Assistant Prosecuting Attorney, for appellee.

*Risa McCray,* for appellant.

FAIN, Judge.

Defendant-appellant Dutch Nicole Woods appeals from the revocation of his probation. The probation resulted from his conviction for the offense of carrying a concealed weapon. The revocation of that probation resulted from his pleas of guilty to two counts of drug abuse and one count of carrying a concealed weapon.

Woods contends that the trial court erred by revoking his probation without a hearing. We conclude that Woods received the only hearing to which he was entitled under the circumstances, which was a hearing at which he was permitted to bring any matters to the attention of the court that might affect its discretion with respect to the revocation of probation. Accordingly, the judgment of the trial court is affirmed.

I

Woods was convicted in 1992 for carrying a concealed weapon. He was sentenced to one year's imprisonment, but was placed on probation for a period not to exceed five years.

In 1993, Woods pled guilty to drug abuse. While sentencing for that conviction was pending, he was arrested and charged with carrying a concealed weapon, having weapons while under a disability, and drug abuse.

Woods received notice of a probation revocation hearing, but this was continued until the date of his plea of guilty to carrying a concealed weapon and drug abuse. The third count, having weapons while under a disability, was dismissed by the state as part of a plea bargain.

The trial court reminded Woods that he was on probation when it accepted his plea, and advised Woods that his guilty plea might result in the revocation of his probation.

On November 9, 1993, Woods appeared before the trial court for disposition of the two drug abuse convictions and the new conviction of carrying a concealed weapon, as well as the state's request to revoke his probation on the earlier conviction of carrying a concealed weapon. Those entire proceedings are as follows:

"MR. PATRICOFF [representing the state]: Probation revocation, final disposition, 92–CR–305, probation report, 92–CR–1726, State versus Dutch Woods represented by Mr. DeVita.

"MR. DEVITA: Steven DeVita representing Dutch Woods.

"THE COURT: Anything you wish to say? The record should reflect that your letter was received and I did review it and I've reviewed the report from Adult Probation.

"MR. DEVITA: No, Your Honor. I would reiterate those matters that were presented to the Court in that letter.

"THE COURT: Case No. 93–CR–1726, drug abuse, felony of the fourth degree, I'm going to sentence you to one year in the Ohio Corrections Reception Center. I'm not going to impose any fines. I'll suspend your license to drive for five years.

"Case No. 93–CR–2700, two charges, one is CCW and I'm going to sentence you to three to ten years on that offense. I'm not going to impose any fine. The other charge was the drug abuse, sentence you to one year in the Ohio Corrections Reception Center. I'm going to run that concurrent with your CCW sentence. However, I'm going to run the sentences in 1[7]26 and 2700 consecutively. On 92–CR–0305, which is the case you are on probation on, I'm going to revoke that probation and reinstate the previous sentence one year in the Ohio Corrections Reception Center. That time will also be served consecutive.

"You have a right to appeal the order of the court. If you wish to do so, you should do so within thirty days. If you can't afford it, the court will assist you."

From the termination entry reflecting the above-quoted disposition, Woods appeals.

## II

Woods's sole assignment of error is as follows:

"The trial court violated the minimum requirements of due process when it failed to hold either of the two hearings mandated by due process regarding probation-revocation."

Woods relies upon *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, a case involving the revocation of parole, which was followed in *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656, a case involving the revocation of probation. We have reviewed those decisions, and the *Gagnon* decision appears to add nothing material to the issues in this case beyond confirming that the principles espoused in *Morrissey* apply in probation revocation proceedings.

In *Morrissey,* the United States Supreme Court found that although the revocation of parole does not require the due process equivalent of a criminal prosecution, there are some requirements that apply. The court divided the inquiry in a parole revocation proceeding into two distinct parts. The first inquiry is the determination of whether the terms of parole have been violated. This is a retrospective issue of fact, and would appear to be analogous to the determination of whether a defendant in a criminal prosecution is, in fact, guilty of the offense charged.

The second inquiry is necessary only if a parole violation is found. The second inquiry is a broader inquiry, involving substantial discretion, to determine whether the revocation of parole is an appropriate disposition, or whether some other disposition would be more appropriate. The analogy here is to the sentencing of a criminal defendant who has been found guilty of an offense. Both parts of the parole revocation inquiry require some due process, but neither requires the same amount of due process that is required for a criminal prosecution. *Morrissey, supra,* 408 U.S. at 489, 92 S.Ct. at 2604, 33 L.Ed.2d at 498–499.

In a criminal prosecution, the first phase of the inquiry is at an end when the defendant pleads guilty. The second phase of the inquiry, determining the appropriate disposition, does not require a full-fledged trial, but merely requires that the defendant have an opportunity to be heard at sentencing.

By analogy, the first phase of the inquiry concerning the revocation of Woods's probation became unnecessary when he pled guilty to a number of felonies. One of the minimal conditions of probation is that the probationer abide by the law. R.C. 2951.02(C). When Woods by his guilty plea admitted that he had violated the law, he was precluded from relitigating that issue.

"Obviously a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime." *Morrissey, supra,* 408 U.S. at 490, 92 S.Ct. at 2605, 33 L.Ed.2d at 499.

The second stage of the inquiry, what to do about the fact that Woods had violated the conditions of his probation, is akin to a sentencing disposition. The trial court, having made the predicate factual finding for the imposition of a sanction, must now determine what sanction is appropriate under the circumstances.

From our review of the record, we are satisfied that Woods had the opportunity to address that issue, required by due process, when he appeared for sentencing on November 9, 1993, and was advised that the scope of the proceedings included the final disposition of probation revocation, as well as sentencing for the new offenses. The record reflects that Woods was given an additional opportunity to address the trial court, and further reflects that the trial court had already reviewed a letter from Woods, as well as a report from the probation authorities. We have reviewed the presentencing report, and it appears that Woods was given an opportunity, in connection with the compilation of that report, to present to the trial court any facts that he believed appropriate for the trial court to consider. Accord *State v. Ingram* (Oct. 21, 1994), Montgomery App. Nos. 14360 and 14368, unreported, 1994 WL 579862.

We conclude that the due process requirements applicable to the revocation of probation were satisfied in this case.

Woods's sole assignment of error is overruled.

### III

Woods's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WOLFF and FREDERICK N. YOUNG, JJ., concur.