JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On November 10, 1999, after hearing the testimony of six witnesses, including defendant-appellant Tracey Dunlap, the trial court revoked Dunlap's probation. Dunlap had been granted probation, in lieu of incarceration, following a 1994 conviction on two counts of endangering children, then felonies of the fourth degree. Raising two assignments of error, Dunlap now appeals the probation revocation.
In her first assignment of error, Dunlap contends that the trial court's decision to revoke her probation was not supported by sufficient evidence and was against the manifest weight of the evidence. This argument fails as the record reflects that the state produced substantial evidence that Dunlap had failed to report to her probation officer, was convicted of child endangerment in 1998, and had failed to conduct herself appropriately during the period of probation. See State v.Hutchinson (1989), 63 Ohio App.3d 721, 580 N.E.2d 34; see, also,State v. Wright (Nov. 29, 1995), Hamilton App. No. C-940999, unreported. Any conflict in the testimony offered in support of the violations was for the trial court to resolve. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, syllabus. As the state presented substantial evidence of violations, the court did not abuse its discretion in revoking Dunlap's probation. SeeState v. Henderson (1989), 62 Ohio App.3d 848, 577 N.E.2d 710. The first assignment of error is overruled.
Dunlap's second assignment of error, in which she contends that the trial court denied her rights to free speech by revoking her probation for comments she made in the lobby of the probation office, must fail. First, there was ample evidence adduced on the failing-to-report and the law-breaking violations, apart from the inappropriate-conduct violation, to support revocation. Moreover, the rule of probation requiring the probationer to conduct herself appropriately at all times does not "arbitrarily impinge upon [her] free speech since the conduct required of [the probationer] is directly related to the purpose of probation, specifically [her] education and rehabilitation."Id. at 854, 577 N.E.2d at 714 (citations omitted). The second assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.