OPINION
On September 16, 1998, in the Trumbull County Court, Central Division, appellant, Ralph W. Alexander, pleaded no contest to one count of disorderly conduct, in violation of R.C. 2917.11, a misdemeanor of the fourth degree. The trial court sentenced him to thirty days in the county jail, which were suspended, fined him $250, $150 of which was suspended, and placed him on two years of reporting probation.[1]
Appellant's probation contained the following terms:
 "4. [Appellant] shall have no contact with, directly or indirectly, nor assault, menace, molest, annoy or harass [the] Salows or Elliots during the term of the probation. [Appellant] is further to cease from making gestures, or look in windows, or blow vehicle horn in front of their homes.
 "8. [Appellant] shall be entitled to [a] factual hearing on any allegation of a probation violation."
On May 14, 1999, Theresa Salow filed a criminal complaint against appellant alleging disorderly conduct, in violation of R.C.2917.11(A)(2). On November 10, 1999, the case proceeded to a bench trial before the Trumbull County Court, Eastern Division. Appellant was found not guilty of the disorderly conduct charge, but was found to have violated the above stated term of his probation. The court imposed seven days of the suspended sentence and $150 of the suspended fine. Appellant raises the following assignment of error:
 "The trial court erred in finding that appellant was guilty of a probation violation where no notice of the alleged probation violation was given to appellant, no formal hearings were held on the alleged probation violation, appellant was found `not guilty' of the charges leading to the alleged probation violation, and the alleged probation violation was constitutionally protected free speech."
 Under his sole assignment of error, appellant raises two issues for our review. Appellant argues that the trial court deprived him of his constitutional right to due process and he was not guilty of a probation violation when found not guilty of the charges for which the alleged violation occurred. The denial of procedural due process raised by appellant was not specifically objected to at the probation hearing; however, if true, it would amount to plain error under Crim.R. 52(B). Columbus v. Bickel (1991), 77 Ohio App.3d 26, 35-36, 601 N.E.2d 61.
In Morrissey v. Brewer (1972), 408 U.S. 471, 92 S.Ct. 2593, the United States Supreme Court set out minimum due process requirements for hearings to revoke parole, which it extended to probationers in Gagnonv. Scarpelli (1973), 411 U.S. 778, 782, 93 S.Ct. 1756. These requirements include:
(a) written notice of the claimed violation;
 (b) disclosure to the probationer of evidence against him;
 (c) opportunity to be heard in person and to present witnesses and documentary evidence;
 (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation);
(e) a "neutral and detached" hearing body; and
 (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking probation. Morrissey, 408 U.S. at 488-489.
Appellant's assignment of error has merit. The trial court did not provide appellant minimum due process rights when revoking his probation.
Appellant maintains that he was not given written notice of the probation violation or a preliminary hearing. The right to due process under Section 10, Article I, Ohio Constitution guarantees the probationer's right to be informed of the violation through a brief statement of the essential facts. State v. Henderson (1989),62 Ohio App.3d 848, 852, 577 N.E.2d 710.
Courts have held that not all of the factors spelled out in Gagnon must necessarily be followed if other guarantees of due process are met. We have held that failing to provide a probationer with formal written charges is harmless error where the state filed a complaint for violation of probation, a preliminary hearing was had, counsel for appellant conceded that probable cause existed to initiate further proceedings, and a final hearing was conducted. State v. Bleasdale (1990),69 Ohio App.3d 68, 70, 590 N.E.2d 43. A preliminary hearing is unnecessary when a probationer pleads guilty to a crime. State v. Woods (1994), 98 Ohio App.3d 606,609, 649 N.E.2d 48.
The above two cases are inapplicable to the case at bar. In the current case, appellant never received notice that he was charged with a probation violation until after he was found not guilty of the crime for which he was charged and the trial court informed him that he violated his probation. Under these circumstances, appellant was not afforded his procedural due process rights and had no opportunity to prepare to defend himself from the probation violation charges. Appellant was, at the very least, entitled to notice of the charge and a preliminary hearing to determine whether probable cause existed.
We reverse and remand for further proceedings consistent with this opinion.
 _________________________ ROBERT A. NADER
CHRISTLEY, P.J., O'NEILL, J., concur.
[1] The probation was issued as the result of at least two consolidated cases with two separate judgment entries indicating the same conditions of probation. We have already dealt with the identical issues in Statev. Alexander (Dec. 29, 2000), Trumbull App. No. 99- T-0183, unreported, which referenced trial court case # 98 CRB 00038. This case is trial court # 98 CRB 00015.