OPINION
{¶ 1} On March 14, 2003, the Morgan County Grand Jury indicted appellant, David White, II, on one count of trafficking in marijuana in violation of R.C. 2923.03 and one count of conspiracy to trafficking in marijuana in violation of R.C.2923.01.
 {¶ 2} On June 3, 2004, appellant filed a motion for intervention in lieu of conviction. A hearing was held on June 3, 2004. By entry filed same date, the trial court granted the motion. At the same time, appellant pled guilty to one count of permitting drug abuse in violation of R.C. 2925.13, a felony of the fifth degree. The plea was sealed and kept in the file and further criminal proceedings were stayed.
 {¶ 3} On February 28, 2005, the state filed a motion to revoke appellant's intervention in lieu of conviction. A hearing was held on March 16, 2005 wherein appellant admitted to violating the terms and conditions of his supervision and intervention plan. By journal entry filed same date, the trial court revoked appellant's intervention in lieu of conviction, entered appellant's previous guilty plea to permitting drug abuse, and sentenced appellant to eleven months in prison.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S PLEA OF GUILTY TO THE CHARGE OF PERMITTING DRUG ABUSE AND FINDING APPELLANT GUILTY OF THE CHARGE OF PERMITTING DRUG ABUSE."
 II {¶ 6} "THE TRIAL COURT ERRED IN PLACING APPELLANT ON INTERVENTION IN LIEU OF CONVICTION BY NOT COMPLYING WITH THE REQUIREMENTS SET FORTH IN SECTION 2951.041 OF THE OHIO REVISED CODE FOR PLACING AN OFFENDER ON INTERVENTION IN LIEU OF CONVICTION."
 III {¶ 7} "THE TRIAL COURT ERRED IN NOT ORDERING AND CONSIDERING A PRESENTENCE INVESTIGATION REPORT PRIOR TO SENTENCING APPELLANT."
 IV {¶ 8} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT BY FAILING TO PROPERLY CONSIDER THE FACTORS SET FORTH IN SECTION2929.12 OF THE OHIO REVISED CODE."
 V {¶ 9} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT BY FAILING TO PROPERLY CONSIDER THE FACTORS SET FORTH IN SECTION2929.13 OF THE OHIO REVISED CODE."
 VI {¶ 10} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT BY FAILING TO PROPERLY CONSIDER THE PURPOSES AND PRINCIPLES OF FELONY SENTENCING SET FORTH IN SECTION 2929.11 OF THE OHIO REVISED CODE AND BY IMPROPERLY CONSIDERING FACTORS OUTSIDE THE RECORD AND NOT RELEVANT TO ACHIEVING THE PURPOSES AND PRINCIPLES OF FELONY SENTENCING."
 VII {¶ 11} "THE TRIAL COURT ERRED IN PLACING THE APPELLANT ON INTERVENTION IN LIEU OF CONVICTION AND IN SUBSEQUENTLY SENTENCING HIM BECAUSE IT HAD NOT ACCEPTED APPELLANT'S PLEA."
 VIII {¶ 12} "STATE OF OHIO V. FOSTER MANDATES RESENTENCING HERE."
 I, II {¶ 13} In these assignments, appellant challenges the procedures used by the trial court in accepting his request for intervention in lieu of conviction. First, appellant claims the state illegally amended the charges against him to make him available for intervention in lieu of conviction and secondly, appellant claims the trial court granted him intervention in lieu of conviction without first ordering an assessment. We disagree with both of these issues.
 {¶ 14} In order to qualify for intervention in lieu of conviction, it was necessary to amend the indictment to a charge of permitting drug abuse. June 3, 2004 T. at 5-6. First, it should be noted appellant is an attorney who waived the presence of his own counsel at the hearing. Appellant voluntarily represented himself until appointed counsel was given to him. Secondly, appellant personally participated in the plea negotiation that resulted in the amendment of the charge. Id. at 2-3, 12.
 {¶ 15} Appellant now seeks to pick apart his negotiated plea in which he benefited from by receiving intervention in lieu of conviction. We find the facts in this case constitute a waiver of the proper procedures as in State v. Van Coren (1969),18 Ohio St. 2d 188, 189-190:
 {¶ 16} "The proper procedure in this case would have been either the return of another indictment or for the petitioner to formally waive prosecution by indictment and agree to a prosecution by information. However, the fact that he did not do so but proceeded to plead to a different offense does not void his conviction. The petitioner's actions under the circumstances of this case, in voluntarily entering a plea of guilty while represented by counsel, constituted a waiver of his constitutional right to indictment or information. Although such procedure may be erroneous it does not affect the validity of his conviction. * * *
 {¶ 17} "The fact that the return of an indictment to charge one with a crime is a constitutional right does not prevent its waiver. Constitutional rights, as any other rights, may be waived. * * *
 {¶ 18} "It is, of course, well established that a waiver can be accomplished by acts or conduct as well as words. * * * The petitioner's conduct in the instant case by pleading guilty while represented by counsel constituted a waiver. The petitioner in the instant case is in no position to urge such issue as error inasmuch as he voluntarily joined in the procedure. In other words, if error exists he induced or invited it by his own conduct, and under such circumstances he cannot rely upon it to attack his conviction. * * *"
 {¶ 19} Appellant also claims the trial court erred in requesting an assessment of his availability for intervention in lieu of conviction pursuant to R.C. 2951.041(A)(1) which states the following:
 {¶ 20} "If an offender is charged with a criminal offense and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal behavior, the court may accept, prior to the entry of a guilty plea, the offender's request for intervention in lieu of conviction. The request shall include a waiver of the defendant's right to a speedy trial, the preliminary hearing, the time period within which the grand jury may consider an indictment against the offender, and arraignment, unless the hearing, indictment, or arraignment has already occurred. The court may reject an offender's request without a hearing. If the court elects to consider an offender's request, the court shall conduct a hearing to determine whether the offender is eligible under this section for intervention in lieu of conviction and shall stay all criminal proceedings pending the outcome of the hearing. If the court schedules a hearing, the court shall order an assessment of the offender for the purpose of determining the offender's eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan."
 {¶ 21} Subsection (B)(5) further states:
 {¶ 22} "An offender is eligible for intervention in lieu of conviction if the court finds all of the following:
 {¶ 23} "The offender has been assessed by an appropriately licensed provider, certified facility, or licensed and credentialed professional, including, but not limited to, a program licensed by the department of alcohol and drug addiction services pursuant to section 3793.11 of the Revised Code, a program certified by that department pursuant to section 3793.06
of the Revised Code, a public or private hospital, the United States department of veterans affairs, another appropriate agency of the government of the United States, or a licensed physician, psychiatrist, psychologist, independent social worker, professional counselor, or chemical dependency counselor for the purpose of determining the offender's eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan."
 {¶ 24} In this case, appellant had been previously assessed by "a public or private hospital" and the trial court made its decision based upon this assessment.
 {¶ 25} It is stipulated in the record that appellant qualified for intervention in lieu of conviction. June 30, 2004 T. at 15. In his June 3, 2004 motion for treatment in lieu of conviction, appellant stated "he has already embarked on a course of intervention and treatment with Genesis Healthcare System in Zanesville, Ohio," and alluded to an assessment conducted at the Genesis Recovery Center. Further, appellant waived any defect in the trial court's procedures by accepting the reduced charge and a chance to complete a drug program.
 {¶ 26} Assignment of Errors I and II are denied.
 III {¶ 27} Appellant claims the trial court erred in not ordering or considering a presentence investigation report prior to sentencing him. We disagree.
 {¶ 28} The record discloses a postsentence investigation report was ordered on March 10, 2006 after appellant was sentenced.
 {¶ 29} Pursuant to R.C. 2951.03(A), a presentence investigation report is only required prior to sentencing if a community control order is to be imposed. No such sentence was imposed sub judice.
 {¶ 30} Assignment of Error III is denied.
 IV, V, VI, VIII {¶ 31} In these assignments of error, appellant claims the trial court erred in sentencing him for failing to follow the mandates of R.C. 2929.11, 2929.12 and 2929.13, and State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 32} Appellant argues because this was his direct appeal, he is entitled to be resentenced under Foster, thus eliminating the issues raised in Assignments of Error IV, V and VI.
 {¶ 33} Appellee argues Foster does not apply sub judice because appellant was sentenced for a felony in the fifth degree where the default sentence is community control. See, R.C.2929.13(B)(1) and (2). As a result, the trial court specifically stated on the record its reasons for imposing a prison sentence, March 16, 2005 T. at 23-25, and stated the following in its March 16, 2005 journal entry:
 {¶ 34} "The Court has considered the purposes and principles of sentencing under O.R.C. § 2929.11, and the factors under O.R.C. § 2929.12, as well as the pre-sentence investigation and the update thereto. The Court finds factors making this offense more serious are the Defendant held a public office or position of trust as he is an Attorney and officer of the court and he acted as part of organized criminal activity. The Court finds there are no factors making this offense less serious. The Court finds recidivism is more likely because the Defendant was under supervision when the violation of the treatment plan occurred, he has a long history of drug abuse and has not responded to past sanctions and rehabilitation efforts. The Court finds there are no factors that would suggest recidivism is less likely.
 {¶ 35} "The Court finds that an optional prison term would be appropriate because the reputation and office of the Defendant is likely to influence others, his offense was part of organized criminal activity and he committed a subsequent offense while under supervision.
 {¶ 36} "The Court finds the Defendant is not amenable to an available community control sanction and the minimum sentence is not consistent with and would demean the purposes and principles of sentencing."
 {¶ 37} In Foster, the Supreme Court held R.C. 2929.13(B) does not violate Blakely v. Washington (2004), 542 U.S. 296. The Foster court explained the following at ¶ 69-70:
 {¶ 38} "At first blush, this portion of the statute appears to violate Blakely, but on closer inspection, it does not. If the appropriate findings are made, the court has no discretion and must impose a prison term; however, the statute does not prevent a court from imposing a prison term without these findings. There is no presumption in favor of community control, in other words. If no findings are made under R.C.2929.13(B)(1)(a) through (i), the court must find that a community-control sanction meets the principles of sentencing under R.C. 2929.11 before it must impose community control. Thus, a judge who does not make one of the (B)(1) findings and does not find that community control is a sufficient sanction could still impose a prison term.
 {¶ 39} "R.C. 2929.13(B)(2)(a) would permit a judge to impose prison rather than community control without R.C. 2929.13(B) findings. This subtle distinction was found to be constitutional in McMillan v. Pennsylvania (1986), 477 U.S. 79,106 S.Ct. 2411, 91 L.Ed.2d 67. There, with respect to a statute involving use of a firearm during an offense, the court was required to impose a mandatory minimum prison term if findings were made — yet the court could still have imposed a greater term without the findings. R.C. 2929.13(B)(2)(b) and 2929.13(B)(2)(a) do not violate Blakely by requiring the sentencing court to make additional findings of fact before increasing a penalty at the fourth- or fifth-degree-felony level."
 {¶ 40} Upon review, we find the remand mandate of Foster
does not apply sub judice.
 {¶ 41} Assignments of Error IV, V, VI and VIII are denied.
 VII {¶ 42} Appellant claims the trial court erred in never accepting his plea of guilty. We disagree.
 {¶ 43} Appellant relies on Crim.R. 11(B)(3) which states the following:
 {¶ 44} "With reference to the offense or offenses to which the plea is entered:
 {¶ 45} "(3) When a plea of guilty or no contest is accepted pursuant to this rule, the court, except as provided in divisions (C)(3) and (4) of this rule, shall proceed with sentencing under Crim. R. 32."
 {¶ 46} During the intervention in lieu conviction hearing, the following dialogue occurred:
 {¶ 47} "JUDGE CROW: Ah, we have before me the ah, Plea of Guilty and that's what Mr. White is talking about. It basically states that uh, you Waived his presence of his counsel at this hearing only, ah, and that you admit that you did commit one count of permitting drug abuse, the elements of which occurred in Morgan County between June 1, 2002 and March 1, 2003 in violation of Section 2925.13 B.C.3 and the elements were read at the beginning of this Court and you still understand each and every element, do you not Mr. White?
 {¶ 48} "MR. WHITE: Yes I do your Honor.
 {¶ 49} "JUDGE CROW: It also says that you voluntarily enter this Plea without any threat, inducement, or persuasion, ah you know the consequences of the Plea, ah, and you have been fully advised by the Court of your Constitutional Rights and that you, uh, um, Waive all the Constitutional Rights and you which (sic) to enter a guilty plea to the charges of permitting drug abuse, if that your intention sir, and it is your whole thought and consideration be necessary to sign this document again, it's the defendant's spot." June 3, 2004 T. at 16-17.
 {¶ 50} The plea was sealed and kept as part of the record. It was not docketed by the Clerk of Courts.
 {¶ 51} The June 3, 2004 entry granting intervention in lieu of conviction states the following:
 {¶ 52} "Thereafter, on the 3rd day of June 2004, the Defendant advised the Court that he was prepared to withdraw his former plea of `not guilty' and enter a plea of `guilty' to the pending charge and that he was willing to comply with the terms and conditions Ordered by this Court pursuant to its Order granting him Intervention in Lieu of Conviction. Thereupon, this Court advised the Defendant of his Constitutional Rights as well as the consequences of the proposed pleas of `guilty' as required by the Ohio Rules of Criminal Procedure, and upon being satisfied that the Defendant was aware of and understood his Constitutional Rights; that he was aware of the consequences of waiving the same; and that the proposed charge (sic) of plea was the Defendant's voluntary free act and deed, the Court accepted the Defendant's please (sic) of guilty to the pending charge.
 {¶ 53} "IT IS THEREFORE ORDERED:
 {¶ 54} "1. Defendant's written `Plea of Guilty' shall be and hereby is received and Accepted by the Court and is to remain in the Court's file and held in abeyance pending further Order of the Court.
 {¶ 55} "2. All pending proceedings in this case shall be and hereby are stayed during Defendant's successful completion of drug/alcohol treatment and probation-like supervision as Ordered herein."
 {¶ 56} During the sentencing hearing, the following exchange occurred:
 {¶ 57} "JUDGE CROW: And ah, do we need a Written Plea of Guilt or Written Waiver of Jury Trial?
 {¶ 58} "MR. HOWDYSHELL: That's already been um, executed and submitted to Court your Honor.
 {¶ 59} "JUDGE CROW: So everything's ready for the Court to accept the Plea, counsel?
 {¶ 60} "MR. HOWDYSHELL: Yes your Honor.
 {¶ 61} "JUDGE CROW: Mr. White?
 {¶ 62} "MR. WHITE: Yes your Honor." March 16, 2005 T. at 4.
 {¶ 63} In its March 16, 2005 judgment entry, after finding appellant failed to comply with the terms of his intervention plan, the trial court ordered "[t]hat the stay of proceedings in this matter be lifted, and that a judgment of conviction be imposed."
 {¶ 64} Upon a clear reading of the trial court's March 16, 2005 judgment entry and the dialogue at both the June 3, 2004 and March 16, 2005 hearings, we find the trial court accepted appellant's plea of guilty, and we do not find any violation of Crim.R. 11.
 {¶ 65} Assignment of Error VII is denied.
 {¶ 66} The judgment of the Court of Common Pleas of Morgan County, Ohio is hereby affirmed.
Farmer, J. Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morgan County, Ohio is affirmed.