DECISION AND JUDGMENT ENTRY
{ ¶ 1} This is an appeal from judgments of the Lucas County Court of Common Pleas that found appellant guilty of two violations of community control and imposed prison terms. For the following reasons, the judgments of the trial court are affirmed. *Page 2 
 { ¶ 2} Appellant Michael Ray Foster sets forth the following assignments of error:
{ ¶ 3} "1. The state and the trial court denied appellant's rights of due process by failing to notify appellant of the alleged violation of community control prior to hearing and by failing to hold a preliminary hearing on the alleged violations.
{ ¶ 4} "2. The state and the trial court denied appellant's rights of due process by failing to require his probation officer to testify at the hearing on alleged community control violations.
{ ¶ 5} "3. The trial court committed error and abused its discretion in finding appellant violated the terms of his community control.
{ ¶ 6} "4. The trial court committed error in sentencing appellant to a term of imprisonment after failing to properly notify him of a specific sentence that could be imposed for a community control violation.
{ ¶ 7} "5. The trial court committed error and abused its discretion in sentencing appellant to a term of imprisonment.
{ ¶ 8} "6. Appellant was denied the effective assistance of counsel."
{ ¶ 9} This case arises from appellant's convictions in two cases. Appellant was sentenced on March 16, 2004, to three years community control for the offense of escape in case No. CR-04-1103. Appellant was advised at sentencing that if he violated community control he could be sentenced to up to five years imprisonment. On May 13, 2005, appellant was found in violation of his community control in this case; community control was continued until March 16, 2007, with the same terms. *Page 3 
 { ¶ 10} On April 18, 2005, appellant entered a plea of no contest to a charge of burglary in case No. CR-05-1528 and was found guilty. On May 17, 2005, appellant was sentenced to four years community control for this offense.
{ ¶ 11} On January 25, 2006, appellant appeared in court for community control violations on both cases. Appellant admitted to the violations and sentencing was continued. On March 3, 2006, a hearing was held on both violations. The trial court found appellant to be in violation and sentenced him to three years imprisonment in case No. CR-04-1103 and 17 months imprisonment in case No. CR-05-1528. Appellant's appeals from the two judgments were consolidated by judgment entry of this court on August 8, 2006, under case No. L-06-1126.
{ ¶ 12} In his first assignment of error, appellant asserts that the trial court denied him due process by failing to notify him of the alleged violation prior to the March 3, 2006 hearing and by failing to hold a preliminary hearing on the violations. The record reflects that appellant did not object to the court's failure to hold a preliminary hearing or to a lack of notice. It has been held that the failure to timely object to a due process violation during a probation violation hearing waives error. State v. Simpkins, 8th Dist. No. 87131,2006-Ohio-3496, ¶ 12, citing State v. Henderson (1989),62 Ohio App.3d 848, 853.
{ ¶ 13} Further, at the hearing on January 25, 2006, appellant admitted to the community control violations and waived hearing. The transcript of that hearing reflects that appellant's counsel stated to the court: "I spoke with Mr. Foster and he's agreed to *Page 4 
waive his hearing at this time and admit to the allegations contained in the report." The trial court addressed appellant in part as follows:
{ ¶ 14} "THE COURT: * * * You have a right to a hearing. At that hearing you have a right to be represented by counsel. * * * Your counsel says you understand all those rights, you're willing to waive those rights and admit that you have violated terms and conditions of community control. Is that a correct statement?
{ ¶ 15} "THE DEFENDANT: Yes, sir."
{ ¶ 16} We note also that appellant claims the hearing on March 3, 2006, was for a new violation. However, the record does not support this claim. Based on the foregoing, we find appellant's first assignment of error not well-taken.
{ ¶ 17} In his second assignment of error, appellant asserts he was denied due process when the trial court allowed a probation department supervisor, rather than his own probation officer Dawn Kelly, to testify as to his alleged community control violations. Appellant argues that the state made no showing that Kelly was unavailable.
{ ¶ 18} Contrary to appellant's claims, the supervisor called to testify at appellant's hearing testified that appellant's probation officer was unavailable because she was on medical leave. The supervisor then testified that she had become familiar with appellant's case by speaking with Kelly, reviewing Kelly's notes, and meeting with appellant. Further, appellant had the opportunity to cross-examine the supervisor. In State v. Miller (1975), 42 Ohio St.2d 102, the Ohio Supreme Court noted an exception to the confrontation requirement where the original probation officer is unavailable to testify at a parole revocation hearing, citing the United States Supreme Court in *Page 5 Morrissey v. Brewer (1972), 408 U.S. 471, 489, wherein the court observed that "* * * there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense. It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial."
{ ¶ 19} We find that appellant's original probation officer was unavailable and that the trial court did not err by allowing the supervisor to testify as to appellant's case. Accordingly, appellant's second assignment of error is not well-taken.
{ ¶ 20} In his third assignment of error, appellant asserts that the trial court abused its discretion by finding that he violated community control because the record showed he was in compliance.
{ ¶ 21} The right of a defendant to continue on probation is a matter resting within the trial court's sound discretion. See State v.Scott (1982), 6 Ohio App.3d 39. In support of this assignment of error, appellant argues that a defendant's probation cannot automatically be revoked solely because he has failed to pay a fine or make restitution. Appellant's community control was not revoked for those reasons, however. The record reflects that appellant failed to verify his attendance at AA meetings, failed to attend mental health treatment as required and failed to submit urine samples as instructed. Based on the foregoing, we find that the trial court did not abuse its discretion by finding that he had violated community control and, accordingly, appellant's third assignment of error is not well-taken. *Page 6 
 { ¶ 22} In his fourth assignment of error, appellant asserts that the trial court erred by failing to properly notify him of the specific prison sentence that would be imposed if he violated community control. Appellant argues that he was not notified of the possible penalty for a violation in case No. CR04-1103 until the May 13, 2005 hearing.
{ ¶ 23} In State v. Brooks, 103 Ohio St.3d 134, 2006-Ohio-4746, the Ohio Supreme Court held that notification of the specific term a defendant faces for violating community control can occur at a time other than the original sentencing. At appellant's original sentencing hearing in case No. CR04-1103, the trial court advised him that he could face five years incarceration if he violated community control. Appellant indicated he understood. At the May 13, 2005 hearing, the trial court informed appellant of the specific term that would be imposed for a subsequent violation as follows: "You should understand that if you violate any condition of community control under the — this case and come back before me, you will receive a prison sentence of 5 years."
{ ¶ 24} Based on the foregoing, we find that appellant was notified of the possible penalty for a violation and, accordingly, his fourth assignment of error is not well-taken.
{ ¶ 25} In his fifth assignment of error, appellant asserts that the trial court erred by sentencing him to a term of imprisonment, insisting that at the time of sentencing he was in full compliance with the terms of his community control. Based on our finding as to appellant's third assignment of error, we also find this assignment of error not well-taken.
{ ¶ 26} In his sixth assignment of error, appellant asserts that he was denied effective assistance of counsel. In support, appellant first argues that counsel should have objected to the March 3, 2006 hearing on the basis of a lack of notice of a new violation. *Page 7 
Next, appellant argues that counsel should have objected when the state failed to produce his probation officer to testify, and should have either asked for a continuance or subpoenaed the original officer. Finally, appellant asserts that counsel should have asked the court to order a competency evaluation in light of appellant's mental disorders and need for medication.
{ ¶ 27} To prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. This standard requires appellant to satisfy a two-part test. First, appellant must show that counsel's representation fell below an objective standard of reasonableness. Second, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different when considering the totality of the evidence that was before the court. Strickland v. Washington (1984), 466 U.S. 668. This test is applied in the context of Ohio law that states that a properly licensed attorney is presumed competent. State v. Hamblin (1988),37 Ohio St.3d 153.
{ ¶ 28} Appellant has failed to show that counsel's representation fell below an objective standard of reasonableness. Trial counsel cross-examined the probation department supervisor at length on relevant points, including the urine samples and lack of attendance at AA meetings. Further, appellant's mental health issues were before the court, which presumably is why obtaining mental health treatment and appropriate medication was clearly established as a condition of his community control from the outset. Appellant has not shown that further mental health evaluation was warranted. *Page 8 
Accordingly, we find that appellant was not denied effective assistance of counsel and his sixth assignment of error is not well-taken.
{ ¶ 29} Upon consideration whereof, this court finds that substantial justice was done the party complaining and the judgments of the Lucas County Court of Common Pleas are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENTS AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J. concur. *Page 1