[Cite as *State v. Bowden*, 2015-Ohio-3740.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-140462 |
| | | TRIAL NO. B-1301865-B |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| CHRIS BOWDEN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Sentence Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal: September 16, 2015

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael J. Trapp*, for Defendant-Appellant.

Please note:   this case has been removed from the accelerated calendar.

**CUNNINGHAM, Presiding Judge.**

{¶1} Defendant-appellant Chris Bowden challenges the trial court's judgment revoking his community-control sanction and imposing sentences of imprisonment. He also argues that the court's award of jail-time credit was inadequate. Because the trial court did not accurately determine the number of days that Bowden was confined for these offenses, we vacate that part of his sentence, and we remand the cause to the trial court for the proper calculation of the jail-time credit.

{¶2} In April 2013, Bowden was arrested for the armed robbery of two individuals. He remained in custody until March 2014, when he was released on his own recognizance. Bowden then entered pleas of no contest to two counts of aggravated robbery. The trial court accepted the pleas and imposed sentence, including three-year terms of community control for each count, and intensive supervision by the probation office. At the sentencing hearing, the trial court clearly notified Bowden that the terms of community control would include a 9:30 p.m. curfew, that he would be "violat[ed] for the slightest infraction," and that if Bowden violated the terms of community control, the court would impose an 11-year term of imprisonment. The trial court's judgment entry repeated the curfew and slightest-infraction admonitions and ordered regular reporting to his probation officer.

{¶3} Two weeks later, just after midnight on May 9, 2014, Cheviot police officers, responding to a report that youths in a car were aiming a laser-pointing device at passersby, arrested Bowden. He was found with a baggie of marijuana and a digital scale in his pants pocket. Two handguns, one with a laser sight, were found in the vehicle. Bowden was charged with aggravated menacing, carrying a concealed handgun, having a weapon under a disability, and possession of marijuana and drug paraphernalia.

2

{¶4}     As a result of these events, community-control-sanction violations were filed against Bowden.  At a probable-cause hearing, the trial court highlighted that Bowden's criminal behavior had been committed after the curfew.  At the revocation hearing, the arresting police officer and Bowden's probation officer testified.  Bowden and his mother made statements to the court.  The trial court then found Bowden in violation of the terms of his community-control sanctions, including that Bowden had violated the curfew and had failed to report to his probation officer.

{¶5}     The trial court revoked the community-control sanctions and imposed concurrent, ten-year terms of imprisonment for each count of aggravated robbery.  Bowden appealed.

{¶6}     In his first assignment of error, Bowden asserts that the trial court erred in finding that he had violated the terms of his community control.  He first argues that the trial court denied him due process of law by failing to give him written notice that he stood accused of violating the 9:30 p.m. curfew provisions of community control.  The written notice of community-control violations, filed before the probable-cause hearing, alleged only that Bowden had failed to conduct himself properly by being arrested for additional offenses, and that he had failed to report to his probation officer.

{¶7}     Crim.R. 32.3(A) provides that a trial court may not impose a prison term for a community-control violation "except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed." Thus a person subject to community control may be punished for violating its terms only if certain due-process rights are observed.  *See Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *see also State v. King*, 1st Dist. Hamilton No. C-010330, 2002-Ohio-373, ¶ 8 (acknowledging that the due-process requirements that had been applied to probation-revocation hearings also applied to community-control-violation hearings).  Among the defendant's due-process rights

3

to be observed are that the trial court must hold a preliminary, or probable-cause hearing, and it must provide written notice of the alleged violations to the offender at that hearing. *See Gagnon* at 786; *see also State v. Thompson*, 1st Dist. Hamilton Nos. C-140746 and C-140747, 2015-Ohio-2836, ¶ 6.

{**¶8**}　The probable-cause hearing is the trial court's inquiry into the defendant's conduct, the validity of the terms allegedly violated, and the reasonable grounds for the violation. *See id.* Its purpose is simply "to prevent [a defendant's] unjust imprisonment pending the revocation hearing," at which the ultimate determination of whether a violation has occurred will be reached. *State v. Henderson*, 62 Ohio App.3d 848, 853, 577 N.E.2d 710 (1st Dist.1989).

{**¶9**}　Because of the probable-cause hearing's limited purpose, this court has long held that a defendant's failure to object timely to irregularities in the probable-cause hearing forfeits any error, save plain error. *See id.* (holding that a defendant's failure to raise irregularities until the revocation hearing waived error); *see also State v. Ferreira,* 6th Dist. Lucas No. L-06-1282, 2007-Ohio-4902, ¶ 10; *State v. Allen*, 8th Dist. Cuyahoga No. 86684, 2006-Ohio-3163, ¶ 13 (applying waiver to the failure to receive written notice of violations); *see generally State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 23 (describing the failure to preserve an objection as "forfeiture," not "waiver," and applying plain-error analysis under Crim.R. 52(B)).

{**¶10**}　Here, the trial court orally advised Bowden of the alleged curfew violation. Bowden failed to object to the lack of written notice. Instead, he defended his conduct. He denied that a violation had occurred, telling the trial court that he had been detained by Cheviot police before the curfew time, "probably 8:30 or 9:30 exact, sir."

{**¶11**}　Bowden failed subsequently to object to the proceedings or to seek a continuance before the revocation hearing began 15 days later. At the revocation

4

hearing, he did not attempt to demonstrate that he had been prejudiced by the lack of written notice. Bowden did not contest that he had been out after the curfew. Rather, he explained that he had been trying to obtain a ride home from friends when apprehended. The record does not demonstrate plain error or any manifest miscarriage of justice requiring reversal. *See* Crim.R. 52(B); *see also State v. Rogers*, Slip Opinion No. 2015-Ohio-2459, ¶ 3.

{¶12} Next Bowden claims that the trial court erred in finding that Bowden had violated the terms of his community-control sanction. In order to establish a community-control violation, the state must present substantial evidence that the defendant violated the terms of his community control. *State v. McCants*, 1st Dist. Hamilton No. C-120725, 2013-Ohio-2646, ¶ 11; *see State v. Dockery*, 187 Ohio App.3d 798, 2010-Ohio-2365, 933 N.E.2d 1155, ¶ 10 (1st Dist.). "Substantial evidence has been defined as being more than a scintilla of evidence, but less than a preponderance." *McCants* at ¶ 11.

{¶13} Here, the state presented unrebutted evidence that two weeks after being sentenced to community control, Bowden was arrested by Cheviot police well after curfew and was charged with aggravated menacing, carrying a concealed handgun, having a weapon under a disability, and possession of marijuana and drug paraphernalia. Bowden's probation officer testified that Bowden was notified to report and that he had failed to do so. Bowden ultimately acknowledged that he had received notice, and had intended to report, but that he had forgotten to contact the probation office. Therefore, the trial court's finding that Bowden had violated the terms of his community control was supported by substantial evidence, and will not be disturbed on appeal. *See id.* at ¶ 11; *see also Dockery* at ¶ 10. The first assignment of error is overruled.

{¶14} Bowden's next assignment of error, in which he argues that the trial court erred in revoking his community-control sanction for "a minor rule infraction," is also without merit. R.C. 2929.15(B)(1) provides the trial court "a great deal of

latitude in sentencing the offender" for community-control violations. *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 20; *see Dockery* at ¶ 13. Before a reviewing court can vacate or modify the sanction imposed for a violation, it must clearly and convincingly find that the sentence is contrary to law. *See* R.C. 2953.08(G)(2); *see also State v. Bohannon*, 1st Dist. Hamilton No. C-130014, 2013-Ohio-5101, ¶ 5.

{¶15} Under R.C. 2929.15(B)(1), the trial court may impose a longer time under the same sanction, a more restrictive sanction, or a prison term pursuant to R.C. 2929.14. When the trial court chooses to impose a prison term, R.C. 2929.15(B)(2) provides that it "shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing * * * ."

{¶16} The trial court provided notice at the original sentencing hearing that it would impose the maximum, 11-year prison sentence for each count for "the slightest infraction" of the terms of community control. Two weeks later, Bowden was arrested and charged with serious offenses. He admitted that he had not reported to his probation officer. The concurrent, ten-year prison terms ultimately imposed for each count of aggravated robbery were within the statutory range of sentences for first-degree felonies, and did not exceed the terms specified in the notice. R.C. 2929.14(A)(1) and 2929.15(B)(2). Accordingly, the prison terms imposed by the trial court for violations of the April 2014 community-control sanction comply with the requirements of R.C. 2929.15(B), and are not contrary to law. *See* R.C. 2953.08(G). The second assignment of error is overruled.

{¶17} In his final assignment of error, Bowden asserts the trial court miscalculated his jail-time credit by awarding him only 37 days. Bowden contends that he should have been awarded 407 days of jail-time credit. Jail-time credit is prescribed by R.C. 2967.191, which authorizes a trial court to give a defendant credit

for the total number of days that he was "confined for any reason arising out of the offense for which he was convicted and sentenced." The trial court is required to determine the appropriate amount of jail-time credit and include it in the sentencing entry. *See* R.C. 2929.19(B)(2)(g); Ohio Adm.Code 5120-2-04(B).

{¶18} The trial court's failure to properly award jail-time credit is an error cognizable on direct appeal. *State v. Hargrove*, 1st Dist. Hamilton No. C-120321, 2013-Ohio-1860, ¶ 8; *see State v. Morgan*, 1st Dist. Hamilton No. C-140416, 2014-Ohio-5325, ¶ 5 and 12 (holding that once a notice of appeal has been filed in a case, a trial court loses jurisdiction to correct jail-time-credit errors). When a trial court fails to include the appropriate amount of jail-time credit in the sentencing entry, it commits plain error. *Hargrove* at ¶ 9. A reviewing court may modify or vacate the trial court's jail-time-credit computation if it clearly and convincingly finds that the awarded credit is contrary to law. *See* R.C. 2953.08(G)(2)(b); *see also Hargrove* at ¶ 8.

{¶19} The record in this case demonstrates a great deal of confusion in the trial court surrounding the actual number of days that Bowden had been incarcerated. In April 2014, the trial court accepted Bowden's no-contest pleas and imposed community control. At the conclusion of the sentencing hearing, Bowden inquired of the trial court whether he would be given credit for the "year I have been in." The court responded "Yeah. If you're violated you will get credit for all time served."

{¶20} When the trial court found that Bowden had violated the terms of the community-control sanctions, Bowden was represented by new defense counsel. At the conclusion of the hearing to determine the sentence to be imposed for the violations, the trial court inquired, "Okay. How much time served does he have?"

{¶21} Bowden's counsel, presumably referring to Bowden himself, responded, "He says 37 days." The court answered, "37 days. OK. Anybody else

want to say anything?" The trial court's sentencing entry reflected the total jail-time credit awarded as 37 days.

{¶22} Bowden argues on appeal that he had been incarcerated on these charges for 364 days starting on April 1, 2013, before being released, and that the trial court had failed to include credit for that period. The earliest reference to Bowden's incarceration in the record is the warrant on the indictment, which indicates that Bowden was in the custody of the Hamilton County sheriff no later than April 10, 2013. Bowden was released from the Hamilton County Justice Center, on his own recognizance, on March 25, 2014, some 349 days later. He was arrested on the community-control violation on May 9, 2014. The probation officer's notice of violations states that a "probation holder" had been placed on Bowden on May 19, 2014—38 days before the sentencing hearing at which the trial court awarded jail-time credit.

{¶23} Here, the record reflects that Bowden served an undetermined, but very substantial, period of pretrial confinement. There is no indication that Bowden was being held on other charges. Before imposing sentence, the trial court had told Bowden that he would be given credit for his nearly one-year period of incarceration if he violated the terms of his community-control sanction. When that violation occurred, and without any other inquiry, the trial court accepted Bowden's own statement that he had been incarcerated for only 37 days. It is highly likely that Bowden was referring only to the period of time that he had been incarcerated after his May 9, 2014 arrest in Cheviot, and not to his entire period of incarceration.

{¶24} On these facts, we cannot say that the trial court accurately determined the number of days that Bowden had been confined. *See* R.C. 2929.19(B)(2)(g). We thus clearly and convincingly find that the awarded credit is contrary to law. *See* R.C. 2953.08(G)(2)(b). Moreover, the error in the calculation of

8

his jail-time credit arose to the level of plain error. Thus, we sustain the third assignment of error.

{¶25} Accordingly, we vacate Bowden's sentence in part, and we remand the cause for the proper calculation of the jail-time credit only. The trial court's judgment is affirmed in all other respects.

Judgment affirmed in part, sentence vacated in part, and cause remanded.

DEWINE and MOCK, JJ., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.